### SCOOT SCOTT v. STATE.

No. A-1026.   Opinion Filed January 6, 1912.

(119 Pac. 1023.)

INTOXICATING LIQUORS — Criminal Prosecutions — Indictment and Information. An information or indictment which charges an accused with the crime of "furnishing" intoxicating. liquor, should set out the specific acts necessary to constitute an offense; the term "furnishing" being too indefinite.

(Syllabus by the Court.)

*Appeal from Cherokee County Court; J. T. Parks, Judge.*

Scoot Scott was convicted of violating the prohibitory law, and appeals. Reversed and remanded.

*Bruce L. Keenan,* for plaintiff in error.

*Smith C. Matson* and *E. G. Spilman,* Asst. Attys. Gen., for the State.

ARMSTRONG, J. The prosecution in this case was instituted in the county court of Cherokee county on an information charging plaintiff in error with selling intoxicating liquor. The information was in the usual form for that purpose. During the progress of the trial, the county attorney was permitted to amend the information, so as to charge the defendant with furnishing such liquor. The state elected to stand on the information as amended, leaving it in a very indefinite and unsatisfactory condition.

In the light of the record before us, it appears that the charging part of the information upon which plaintiff in error was finally tried reads as follows:

" * * * Did, in Cherokee county, and in the state of Oklahoma, on or about the 29th day of November, 1910, and anterior to the presentment hereof, commit the crime of selling liquor, in the manner and form as follows, to wit, did unlawfully furnish one pint of spirituous liquor, to wit, one pint of whisky, to C. J. L. Beasley, George Myers, Cleve Presley, and

Bill Anderson, for one dollar, contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the state."

This is entirely too indefinite. If one is to be charged with *furnishing* liquor, the facts constituting the furnishing should be pleaded. "Furnishing" is a very indefinite term. Every sale is a furnishing, but not every furnishing is a sale. This question has been determined by a number of courts. We think the Supreme Court of Georgia, in *Southern Express Co. v. State,* 107 Ga. 670, 33 S. E. 637, 46 L. R. A. 417, 73 Am. St. Rep. 146, lays down the correct rule. The statute in that state is very similar to ours. The principle is identical. We quote from the opinion the following:

"Liquors are always furnished when there is a delivery, but a person may be furnished by other means than a sale, and the General Assembly, by the use of the word, intended to impose further restrictions than those embraced in the prohibition of the sale."

The facts disclosed by this record clearly establish a sale under the holdings of this court since the opinion in the case of *Buchanan v. State,* 4 Okla. Cr. 645, 112 Pac. 32, overruling *Reed v. State,* 3 Okla. Cr. 16, 103 Pac. 107, 24 L. R. A. (N. S.) 268. But the court eliminates this feature by permitting the amendment, striking out that portion of the information charging the sale, and allowing the county attorney to stand on the general term of "furnishing." The writer is of the opinion that the doctrine in the Reed case is the correct rule of law, but the doctrine announced in *Buchanan v. State, supra,* has now become the rule of this court.

The judgment is reversed, and the cause remanded, with directions to the trial court to cause the county attorney to file a new information, properly charging the offense of unlawfully furnishing intoxicating liquor, if the accused is to be retried therefor.

FURMAN, P. J., and DOYLE, J., concur.