## MARK TRACY v. STATE.

No. A-1604.   Opinion Filed June 7, 1913.,

(132 Pac. 692.)

1.  INTOXICATING LIQUORS—Prosecution for Selling—Sufficiency of Evidence.  A conviction for an unlawful sale of intoxicating liquor cannot be sustained where the only proof is that persons met on the street, went into an alley, and were caught in the act of taking a drink.  There must be a parting with the liquor for a consideration in order to constitute a sale.

2.  SAME—Information—Construction.  An information which charges that the accused did sell, give away, and other furnish intoxicating liquors only charges a sale; the giving away and otherwise furnishing feature being surplusage.

3.  SAME—Burden of Proof—Information—Sufficiency.  When a conviction is sought on a charge of giving away or furnishing intoxicating liquors, specific facts which show a violation of the prohibitory law should be pleaded and proven.

(Syllabus by the Court.)

*Appeal from County Court, Murray County;*
*Harry W. Fielding, Judge.*

Mark Tracy was convicted of selling intoxicating liquor, and he appeals. Reversed and remanded, with directions.

*Kendrick, Davis & Smith,* for plaintiff in error.
*Smith C. Matson,* Asst. Atty. Gen., for the State.

ARMSTRONG, P. J. The plaintiff in error, Mark Tracy, was tried and convicted at the November, 1911, term of the county court of Murray county on a charge of selling intoxicating liquor, and his punishment fixed at a fine of $50 and imprisonment in the county jail for a period of 30 days.

The evidence upon which this conviction is based is substantially as follows:

Dr. Dunn testified on behalf of the state that he was standing on the street corner near one of the banks in the town of Davis, Okla., about the 16th of October, 1911; that he was talking to Deputy Sheriff Mook; that he saw the plaintiff in error and some other person coming up the street; that they stopped a short distance away, and one of them whistled and two other persons standing near the corner went into the alley with them; that he did not see them any more; that the deputy sheriff went immediately in the direction where they were seen; that one of the parties with Tracy was named Harmon; that he did not know which one of them whistled.

Deputy Sheriff Mook testified that about 8 o'clock in the morning of the 16th of October, 1911, he was standing on the corner near the bank talking to Dr. Dunn; that he saw Mark Tracy come up from the south going toward the north; that there were some parties on the street going south, and when Tracy got up near the end of a building on the opposite side of the street he held up a couple of fingers and whistled; that W. L. Harmon and another man went across in front of Freeman's store and turned into the alley, that there was one man with Tracy at the time; that witness waited and let them go

into the alley so they could not see him, and then went across the street, through a store, and back to a feed barn; that he looked into the barn and saw Tracy take a bottle out of his pocket and hand it to Harmon; that Harmon took a drink and passed it to a third party; that about this time he came upon them and took the bottle himself. The bottle was identified and introduced in evidence.

The plaintiff in error testified in his own behalf that the boys who were drinking the alcohol had all thrown in 15 cents apiece and bought it; that he had put in 15 cents to help buy it, which was all the money he had; that when Mook saw him one of the show boys had the bottle; that he never did get it into his hands; that he saw Mook in the barn, and said, "There comes the officer!" and he looked around and the officer was taking the bottle away from the boy who had been drinking.

This evidence fails to make out a case against the plaintiff in error on a charge of selling intoxicating liquor. The information is insufficient to charge a furnishing or giving away. See *Scott v. State,* 6 Okla. Cr. 492, 119 Pac. 1023.

The vigilant enforcement of the prohibitory law is to be commended, yet a conviction, in order to be sustained, must be based upon facts from which a legitimate deduction of guilt can be had. The proof does not show that the plaintiff in error sold whisky to anybody. All it does show is that two or three parties met in an alley and were drinking. There is nothing to indicate that the plaintiff in error parted with the alcohol, if he ever had it, for a consideration. It may be that he sold the whisky as charged. If so, the state should make proof of that fact. Or, on the other hand, he may have given away or furnished the liquor in violation of law. If so, the specific facts constituting the giving away or furnishing should be pleaded as stated by this court in the Scott case, *supra.* If a conviction is to be upheld in this case on the theory that the accused is guilty of a sale, then a case should be made on that theory. If the state desires to stand on the giving away or

furnishing feature of the charge, the allegation in the information should conform to the rule announced in the Scott case and the proof made accordingly.

There are other errors complained of which are sufficient to justify a reversal of this judgment, but they are questions which have been repeatedly passed on by this court, and we do not feel it necessary to take time to elaborate them, as they are not likely to recur on a retrial of this cause.

The judgment is reversed, and the cause remanded, with direction to grant a new trial.

DOYLE and FURMAN, JJ., concur.