## JESSIE FINDLEY v. STATE.

No. A-2138.  Opinion Filed February 2, 1915.

(145 Pac. 1107.)

1.  **INTOXICATING LIQUORS**—Information—Sufficiency.  A conviction cannot be sustained on an information which attempts to charge a violation of the prohibitory law by simply alleging that the accused did give away whisky in violation of law.

2.  **SAME**—Requisites.  County attorneys desiring to prosecute for giving away or furnishing intoxicating liquor as provided by the prohibitory law must follow the rule announced in **Scott v. State,** 6 Okla. Cr. 492, 119 Pac. 1023, and reaffirmed in **Tracy v. State,** 9 Okla. Cr. 532, 132 Pac. 692. The rule is clear, and works no hardship upon the state.

3.  **TRIAL**—When the evidence introduced on behalf of the state fails to establish the crime charged in the information, and a demurrer is interposed to the evidence, the same should be sustained and the accused discharged.

(Syllabus by the Court.)

*Appeal from County Court, Osage County;*
*Paul B. Mason, Judge.*

Jessie Findley was convicted of violating the prohibitory law, and appeals.  Reversed.

*Leahy & MacDonald,* for plaintiff in error.

*C. J. Davenport,* Asst. Atty. Gen., for the State.

ARMSTRONG, J.  The plaintiff in error, Jessie Findley, was convicted at the October, 1913, term of the county court of

Osage county on a charge of selling intoxicating liquor, and her punishment fixed at imprisonment in the county jail for a period of 30 days and a fine of $50.

The only question we find it necessary to discuss in this appeal is the sufficiency of the information to charge giving away intoxicating liquor within the meaning of the statute. The information charges a sale of intoxicating liquor, but the court directed the jury to find the plaintiff in error not guilty of a sale, and submitted to the jury the question of whether or not she was guilty of giving away intoxicating liquor under the second count in the information, which is as follows:

"Chas. M. Cope, the duly qualified and acting county attorney in and for Osage county, Okla., in the name and by the authority of the state of Oklahoma, informs the court that on or about the 23d day of October, 1912, at Pawhuska, in said county of Osage, state of Oklahoma, the said defendant, Jessie Findley, did wrongfully and unlawfully give away to one James Hildebrand certain spirituous liquor, to wit, one pint of whisky (said whisky, said Hildebrand, said time and place being the same as referred to in count 1, above, the transaction being the identical transaction set out in said count 1), contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the state of Oklahoma."

This so-called count in the information does not charge an offense against the laws of this state.

In *Scott v. State,* 6 Okla. Cr. 492, 119 Pac. 1023, the information charged the plaintiff in error as follows:

"* * * Did unlawfully furnish one pint of spirituous liquor, to wit, one pint of whisky to C. J. L. Beasley, George Myers, Cleve Presley, and Bill Anderson, for $1."

Discussing the information in that case we said:

"This is entirely too indefinite. If one is to be charged with furnishing liquor, the facts constituting the furnishing should be pleaded. 'Furnishing' is a very indefinite term."

In *Tracy v. State,* 9 Okla. Cr. 532, 132 Pac. 692, we said:

"The vigilant enforcement of the prohibitory law is to be commended, yet a conviction, in order to be sustained, must be based upon facts from which a legitimate deduction of guilt can be had. The proof does not show that the plaintiff in error sold whisky to anybody. All it does show is that two or three

parties met in an alley and were drinking. There is nothing to indicate that the plaintiff in error parted with the alcohol, if he ever had it, for a consideration. It may be that he sold the whisky as charged. If so, the state should make proof of that fact. Or, on the other hand, he may have given away or furnished the liquor in violation of law. If so, the specific facts constituting the giving away or furnishing should be pleaded as stated by this court in the Scott case, *supra*. If a conviction is to be upheld in this case on the theory that the accused is guilty of a sale, then a case should be made on that theory. If the state desires to stand on the giving away or furnishing feature of the charge, the allegation in the information should conform to the rule announced in the Scott case, and the proof made accordingly."

In the case at bar the court should have dismissed the prosecution when he found it necessary to instruct the jury that the plaintiff in error was not guilty of making a sale as charged. The state's evidence, as stated by the Assistant Attorney General in his brief, is to the effect that Mr. Hildebrand went to the home of plaintiff in error; that she was not in, but came in shortly; that he asked whether or not she had anything, and she said she didn't know, that he could look around and if he saw anything he wanted he could take it along. He found a small bottle which looked like whisky. The seal had been broken and part of the contents was gone. He took the bottle, put it in his pocket, and went out. After leaving the house he started to the lumber yard to take a drink from the bottle. He saw an officer coming around toward where he was, and, before drinking any of the whisky, broke the bottle, to prevent the officer getting it. The officer testified that he saw Hildebrand come out of the Findley house; that it was in the afternoon; that he was coming home; that Hildebrand stuck the bottle in his inside pocket and started away. He followed him up the hill, and when he was about to catch up with him Hildebrand pulled the bottle out of his pocket and broke it.

The statute penalizing the giving away of intoxicating liquor contemplates the doing of such act as a subterfuge for a sale. The doctrine *ejusdem generis* controls in this class of cases. Facts sufficient to show that intoxicating liquor was given away

within the meaning of the statute—that is, as a subterfuge for a sale—must be pleaded. Simply stating that the accused person did give away intoxicating liquor in violation of law is not sufficient. Administering whisky to a person ill, or giving alcoholic baths to hospital patients, which could not by any reasonable deduction be held to come within the purview of the statute, would be crimes under the character of information disclosed by this record, if such information can be sustained. It is therefore necessary that the facts be pleaded in order that the court may determine, as a matter of law, whether or not a crime has been committed, if the facts pleaded be true. If not, a demurrer should be sustained to the information. In the case at bar the facts pleaded do not disclose an unlawful giving away of whisky as a subterfuge for a sale, nor does it appear that the county attorney seriously attempted to establish such contention. A case sufficient to go to the jury on the theory of an unlawful sale could possibly have been made, but the trial court took that issue from the jury, thereby leaving nothing properly before the court to be submitted to the jury under the information.

The judgment is reversed, and the cause remanded for a new trial.

DOYLE, P. J., concurs. FURMAN, J., absent.