## J. R. DUTTON v. STATE.

No. A-2372.    Opinion Filed April 15, 1922.
(205 Pac. 940.)

(Syllabus.)

1.    **Intoxicating Liquors.—Sale by Retail Merchants in Good Faith of Medical Preparations Containing Alcohol Sufficient to Intoxicate not Unlawful.**—At the time of the enactment of our statute against the sale of medicated compounds containing alcohol in sufficient quantity to intoxicate, the United States courts had held that a sale of such preparations by retail merchants in good faith as a medical preparation and in the original bottle to be used by the purchaser for medical purposes would not subject the seller to the payment of the special tax required of retail liquor dealers. Such a sale has been excepted by the Legislature from the operation of our prohibitory liquor statute.

2.    **Same—Right to Instruction on Intent of Merchant to Sell for Medicinal Purposes.**—Where defendant, a druggist, is charged with the sale of a well-known medicated compound containing more than one-half of 1 per cent. of alcohol, measured by volume, and capable of being used as a beverage, it is error to refuse to permit the defendant to show that such compound was sold by him in the original bottle with seal unbroken in good faith, in the usual course, of trade, for medical purposes, and it is error further to instruct the jury that the good intentions of defendant in making a sale for medical purposes is no defense.

Appeal from County Court, Hughes County; Ross Bailey, Judge.

J. R. Dutton was convicted of violation of the prohibitory liquor law, and appeals. Reversed and remanded.

Crump & Hall, for plaintiff in error.

Wilson, Tomerlin & Buckholts, amicus curiae.

S. P. Freeling, Atty. Gen., R. McMillan, Asst. Atty. Gen., and J. E. Crowder, for the State.

PER CURIAM. J. R. Dutton was convicted in the county court of Hughes county of violating the prohibitory liquor law by selling a certain compound labeled Hostetter's Celebrated Stomach Bitters, alleged to contain more than one-half of 1 per cent. of alcohol, measured by volume, and capable of being used as a beverage.

Defendant was the proprietor of a drug store in the city of Holdenville, and the bottle of Hostetter's Celebrated Stomach Bitters was sold in said store in the usual course of trade and in the original bottle with the seal unbroken. Afterwards the contents of the bottle were analyzed by Dr. De Barr, chemist at the State University, and the said compound was shown to contain about 33 1-3 per cent. of whisky, some cinchona and ginger, and was capable of being used as a beverage. There is no direct evidence that the defendant sold the said article for beverage purposes, nor are the circumstances of the sale such as to indicate beyond a reasonable doubt that this bottle of Hostetter's bitters was sold to be drunk as a beverage.

This prosecution is based on section 3605, Revised Laws 1910, the part thereof applicable reading as follows:

"It shall be unlawful for any person * * * to * * * sell, * * * except as in this chapter provided, any spirituous, vinous, fermented or malt liquors or * * * any liquors or compounds of any kind or description whatsoever, whether medicated or not, which contain as much as one-half of one per cent. of alcohol, measured by volume, and which is capable of being used as a beverage, except preparations com-

pounded by any licensed pharmacist, the sale of which would not subject him to the payment of the special tax required by the laws of the United States.''

It is apparent from a reading of the latter provisions above quoted that it was intended to prohibit the sale of medicated compounds containing as much as one-half of 1 per cent. of alcohol measured by volume, and capable of being used as beverages, with certain exceptions thereto. And it is contended that the sale here made comes within the exceptions to the statute, because it was not made for beverage purposes, but in the usual course of trade, and for use as a medicine.

The defendant offered to show that the sale was made in good faith, in the honest belief that he had the right to sell this medicated compound for medicinal purposes, and that the sale was made for such purpose, and was clearly within the exception to the statute against the sale of medicated compounds, and was such a sale as would not subject him to the payment of the special tax required by the laws of the United States. The trial court, in effect, excluded all evidence of good faith on the part of the defendant in making the sale for medicinal purposes, and further instructed the jury that the good intentions of the defendant in making such sale was no defense, and was not to be considered by the jury as such.

We are of opinion that this action on the part of the trial court had the effect of depriving the defendant of a fair and impartial trial, in that, where a sale of a medicated compound is charged, the defendant has the right to show that such sale comes within the exception to the statute against sales of medicated compounds for beverage purposes. Such was the holding of the federal court before the enactment of our prohibitory liquor statute, and, in the opinion of this court, makes clear the meaning of the exception to sales of medicated

compounds containing more than one-half of 1 per cent. of alcohol, measured by volume, and capable of being used as a beverage. U. S. v. Calhoun (D. C.) 39 Fed. 604; U. S. v. Stubblefield (D. C.) 40 Fed. 454; U. S. v. Bray (D. C.) 113 Fed. 1008.

Other grounds of alleged error are urged as sufficient to reverse this judgment, but we deem it unnecessary to consider them, in view of the disposition made of the appeal.

For reasons stated, the judgment is reversed, and the cause remanded to the trial court for further proceedings not inconsistent with this opinion.