## LEVI RICHARDSON v. STATE.

No. A-3962.    Opinion Filed Sept. 11, 1922.
(208 Pac. 1052.)

(Syllabus.)

1. **Evidence—Judicial Notice of Intoxicating Character of Beverage.** The court will not take judicial notice of the intoxicating character of a beverage which is not made by any standard formula, is not generally offered for sale in this jurisdiction, and has not become so well known as to have a general reputation as to its intoxicating character.

2. **Intoxicating Liquors—When Burden on State to Establish Intoxicating Character of Beverage.** To sustain a conviction for maintaining a public nuisance, in that defendant kept a place where Choctaw beer was manufactured, the state must, if the beverage is not what is generally known as one of the spirituous, vinous, or malt liquors, introduce evidence either of its intoxicating effect or that it contained more than one-half of 1 per cent. of alcohol, measured by volume.

3. **Same—Evidence Insufficient—Maintaining Liquor Nuisance.** For evidence held insufficient to sustain a conviction for maintaining a public liquor nuisance see body opinion.

Appeal from County Court, Oklahoma County; W. R. Taylor, Judge.

Levi Richardson was convicted of maintaining a liquor nuisance, and he appeals. Reversed.

J. Q. A. Harrod, for plaintiff in error.

The Attorney General, for the State.

PER CURIAM. Defendant was prosecuted in the county court of Oklahoma county, charged with having, on the 6th day of May, 1920, and for a long time prior thereto, kept and maintained a public nuisance at 220 North Laird street, Oklahoma City, Oklahoma county, Okla., where intoxicating liquors, to wit, whisky, beer, Choctaw beer, and wine were bartered, sold, and given away, and also alleging that said Choctaw beer contained more than one-half of 1 per cent. of alcohol, measured by volume, and that defendant permitted nu-

merous and divers persons, unknown to the informant, to congregate at said place for the purpose of drinking said intoxicating liquors, contrary, etc. Upon a trial defendant was convicted, and the punishment assessed at a fine of $50 and imprisonment in the county jail for a period of 30 days.

The prosecution is based on section 13, chapter 70, Session Laws 1910-11, declaring all places where any spirituous, vinous, fermented, or malt liquors, or imitations thereof, or any malt liquors or compounds of any kind or description, whether medicated or not, which contain as much as one-half of 1 per centum of alcohol, measured by volume, and which are capable of being used as a beverage, except preparations compounded by any licensed pharmacist, the sale of which would not subject him to the payment of the special tax required by the laws of the United States, are manufactured, sold, bartered, given away, or otherwise furnished in violation of law, or where any such liquors are kept for the purpose of violating the law, or where persons congregate or resort for the purpose of drinking such liquors, to be public nuisances, and upon conviction the owner or keeper may be adjudged guilty of maintaining a public nuisance, and the punishment fixed at a fine of not less than $50 nor more than $500, and by imprisonment in the county jail not less than 30 days nor more than 6 months.

The evidence for the state is substantially as follows:

J. T. Jerkins testified that he was a captain of police in Oklahoma City; that he went to the home of defendant, at 220 North Laird street, Oklahoma City, together with some other police officers, and found defendant and his wife there, and found a glass pitcher about half full of Choctaw beer, and a tub on the stove in which Choctaw beer was being made, but they found no other kind of liquor there, and did not know whether the Choctaw beer was intoxicating or not, did not have it analyzed, and did not know whether it contained

more than one-half of 1 per cent. of alcohol. The witness also testified that he had never got anything there before, and from certain reports coming to the police station the witness testified that the general reputation of the place as to being a place where intoxicating liquors were manufactured, sold, bartered, and given away was bad.

Walter Lucas, policeman, testified that on the 6th day of May, 1920, in company with Jerkins, he went to defendant's place; found a glass pitcher about half full of Choctaw beer; did not know whether this Choctaw beer was intoxicating or not; found a tub practically full of what witness believed to be Choctaw beer in the making; had no knowledge of the general reputation of the place, but went to the house in search of stolen property.

Harry Wolf, another policeman, testified practically the same as did the witness Lucas.

This was all the evidence introduced in behalf of the state.

Defendant, in his own behalf, testified that he had lived at the premises about 3 years, and had lived in Oklahoma City about 12 years; that he worked at the Morris & Co. packing house, but at the time his premises were searched he was suffering from a broken leg, and was not working; that his wife had got a half gallon of Choctaw beer and brought it home; that he never manufactured any Choctaw beer there, nor never sold or gave away any beer or wine at his place.

The foregoing is in substance all the material evidence introduced in the case. Counsel for defendant, among other assignments of error, contends that the evidence is insufficient in law to sustain the conviction.

There is absolutely no proof to sustain the allegations of the information that the defendant at any time ever kept and

maintained a place at 220 North Laird street in which whisky, beer, and wine were ever kept for purposes of sale, etc., or were ever sold on said premises, or that persons ever congregated on said premises for the purpose of drinking such liquors. The defendant was convicted of maintaining a public nuisance at said place because he had in his possession, or at least there was found on the premises, about one-half gallon of Choctaw beer and a tub on the stove in which the police officers testified Choctaw beer was being made. There is not a line of evidence that this Choctaw beer was an intoxicating liquor, nor is there any evidence that it contained more than one-half of 1 per centum of alcohol, measured by volume.

The Attorney General contends, however, that the court should take judicial notice that Choctaw beer is an intoxicating liquor, and that this, in addition to the evidence that the same was being manufactured on said premises, is sufficient to sustain the conviction under the statutory provisions. Possibly the conviction could stand, and the evidence be held sufficient if the court could take judicial notice that Choctaw beer is an intoxicating liquor, or that it contains more than one-half of 1 per centum of alcohol, measured by volume. Beverages, such as lager beer, which are made by some standard formula, and generally offered for sale, are judicially known to be intoxicating; but a beverage, such as Choctaw beer, not generally offered for sale in this jurisdiction, and having no fixed standard by which it is made, and having not become so well known as to have a general reputation as to its intoxicating character, cannot be judicially known to be intoxicating by the courts, and as to such a liquor the duty devolves upon the state in each instance to either prove its intoxicating character or else that it contains more than one-half of 1 per centum of alcohol, measured by volume, and is capable of being used as a beverage. It is probable that Choctaw beer may come within the general definition of a malt liquor; but in the absence of evi-

dence showing that it does, or that it is intoxicating, or contains more than one-half of 1 per cent. of alcohol, measured by volume, or that the name was used to conceal its true identity as beer or ale, it is not enough to show merely manufacture or possession of it. It is significant that in this particular prosecution none of the officers who testified in behalf of the state were able to swear that the Choctaw beer taken by them was intoxicating, neither did any witness testify that such liquor contained more than one-half of 1 per centum of alcohol. Whenever Choctaw beer becomes so well known as to have a reputation as to its intoxicating character, we surmise that the police officers will be among the first to be acquainted with that reputation. The previous cases appealed to this court disclose a great diversity of opinion as to the intoxicating quality of the beverage Choctaw beer. In some instances witnesses have testified that such beverage would produce intoxication; in other instances witnesses have testified with equal certainty that a liquor similarly designated would not produce intoxication. We presume this is because such beverage is not made by any standard formula, and has not acquired, by reason of any general sale for beverage purposes, a general reputation as to its intoxicating character. Until it does so, this court is not in position to take judicial notice that it is an intoxicating liquor.

In the absence of any proof that the Choctaw beer alleged to have been possessed by the defendant was either an intoxicating liquor, or contained more than one-half of 1 per centum of alcohol, measured by volume, and also because the state failed to prove the maintenance of a public nuisance under any of the other allegations of the information, we believe that the evidence is insufficient in law to sustain the conviction, and for that reason the judgment is reversed.