### R. L. STEVENS v. STATE.

No. A-5387. Opinion Filed Sept. 26, 1925.
(239 Pac. 273.)

S. E. Dunn and W. S. Meyer, for plaintiff in error.

EDWARDS, J. From a conviction in the municipal criminal court of the city of Tulsa, upon an information charging the sale of intoxicating liquor, the plaintiff in error, hereinafter called defendant, has appealed.

The only assignment of error argued is that the evidence is insufficient to sustain the verdict. The evidence in brief is: Two officers went to the house of one Williams, and by arrangement Williams called the defendant by telephone. Defendant then came to the porch of the house and Williams there ordered two quarts of whisky. The defendant went away and returned in a short time, went into the house, and was arrested. Very soon thereafter, a Ford car was driven up in front of the house, the officers went out, searched the car, and found the whisky as ordered by Williams.

The inference to be drawn from the evidence is that upon the ordering of the whisky by Williams the defendant went away, arranged to have the whisky brought to the premises, and himself returned to the premises for the purpose of delivering it, and entered the house, and upon discovering the officers concealed therein was arrested before delivery was made. It will be observed that the charge is not for transporting whisky, but for selling. The facts disclosed by the record and the inferences reasonably to be drawn therefrom are not, we think, sufficient to prove a sale.

This court in the case of Reed v. State, 3 Okla. Cr. 16, 103 P. 1070, 24 L. R. A. (N. S.) 268, said:

"A sale is defined by the authorities to be 'an agreement by which a title passes from one, and vests in another;' 'a transfer of property from seller to buyer for a

price in money paid or promised.' Anderson's Law Dictionary. Butler v. Thompson, 92 U. S. 415, 23 L. Ed. 684; Benj. Sales, § 1."

23 Cyc. 180 (b), upon the subject "Intoxicating Liquors," is as follows:

"The offense of illegally selling liquor is not committed by a bargain or executory contract for a sale. There must be a completed sale, which passes the property, consummated by the act of the parties as distinguished from the operation of the law, and amounting to a vending and purchasing of the particular commodity. It is not necessary that the liquor should have been paid for by the purchaser, but there must have been a delivery of the liquor to him. * * *"

In the case of City of Iola v. Lederer, 86 Kan. 347, 120 P. 354, it is held:

"To constitute a sale, there must be a consideration or price, a seller, a purchaser, and a delivery of the thing sold."

In the case before us, the evidence at the most shows only an executory contract to sell. There must be a consideration paid or promised by or in behalf of a purchaser to or in behalf of a seller and a delivery. There was no delivery of the thing sold, the arrest was prematurely made, and the sale agreed to be made was not consummated. For this reason the evidence is insufficient to sustain the verdict.

The case is reversed and remanded.

BESSEY, P. J., and DOYLE, J., concur.