## H. A. SADDLER v. STATE.

No. A-5895. Opinion Filed April 9, 1927.
(255 Pac. 719.)

W. B. Toney, for plaintiff in error.

Edwin Dabney, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

DAVENPORT, J. The plaintiff in error, hereinafter called the defendant, was informed against in the county court of Hughes county, charged with the crime of selling intoxicating liquor; the charging part of the information being as follows:

"That H. A. Saddler did, in Hughes county and the state of Oklahoma, on or about the 6th day of March, in the year of our Lord 1925, and anterior to the presentment hereof, commit the crime of selling intoxicating liquor in the manner and form as follows, to wit: That at the time and in the county and state aforesaid the said H. A. Saddler did unlawfully sell intoxicating liquor, to wit, Jamaica ginger."

The defendant demurred to the information on the ground "that said information does not state facts sufficient to constitute a violation of the prohibitory laws of the state of Oklahoma," which demurrer was by the court considered and overruled, and defendant reserved an exception to the ruling of the court. A jury was impaneled, and, after hearing the evidence and instructions of the court, returned a verdict of guilty, fixing the punishment of the defendant at a fine of $200 and costs, and confinement in the county jail for a period of 90 days.

Motion for a new trial was filed and overruled, and exceptions duly saved. To reverse this judgment,

the defendant has appealed to this court, and has assigned six errors alleged to have been committed by the court in the trial of the case. The first error alleged to have been committed by the court upon which the defendant relies for a reversal of this case is, "error of the court in overruling defendant's demurrer to the information."

The defendant urges that the language of the information is not sufficient to charge a violation of the prohibitory laws of the state, and, in order to properly determine the question as to whether or not the demurrer is well taken, it is deemed necessary to set out the provisions of the statute upon which this information is based. That part of section 7002, of the Comp. Sts. of Oklahoma 1921, which we deem necessary to quote here, is as follows:

"It shall be unlawful for any person, individual or corporate, to manufacture, sell, barter, give away, or otherwise furnish except as in this chapter provided, any spirituous, vinous, fermented or malt liquors, or any imitation thereof or substitute therefor; or to manufacture, sell, barter, give away, or otherwise furnish any liquors or compounds of any kind or description whatsoever, whether medicated or not, which contain as much as one-half of one per cent. of alcohol, measured by volume."

The charge in the information is the sale of intoxicating liquor, to wit, Jamaica ginger. The question then to be determined upon the demurrer of the defendant to the information, is under what statute is the information drawn. Jamaica ginger is not "a spirituous, vinous, fermented or malt liquor."

The next question then is, Does it come under the provision, "or any imitation thereof, or substitute" for "spirituous, vinous, fermented or malt liquors," or does it come under the provisions of the statute prohibiting

the sale, barter, giving away, or otherwise furnishing any liquor or compound of any kind or description whatsoever, whether medicated or not, which contains as much as one-half of 1 per cent. of alcohol measured by volume.

Many of the state courts have had before them the question of the sale of Jamaica ginger as a violation of the prohibitory laws of the state, and the courts are not altogether in harmony as to what class to place Jamaica ginger in. Jamaica ginger is not per se an intoxicating liquor. The statute of Colorado (Laws 1915, p. 275, § 1) reads as follows:

"No person, association or corporation shall, within this state, manufacture for sale or gift any intoxicating liquors; and no person, association or corporation shall import into this state any intoxicating liquors for sale or gift; and no person, association or corporation shall, within this state, sell or keep for sale any intoxicating liquors or offer any intoxicating liquors for sale, barter or trade: Provided, however, that the handling of intoxicating liquors for medicinal or sacramental purposes may be done as in this act provided."

Under this provision of the statute, in McLean v. People, 66 Colo. 486, 180 P. 676, the court, construing that statute based upon the testimony it had before it, held that Jamaica ginger came within the provision of the statute. In the opinion, the court says:

"As human knowledge grows with experience, the facts of which judicial notice will be taken are constantly increasing. It is a matter of common knowledge that alcohol is the intoxicating element of all intoxicating liquors." That it also becomes "a matter of common knowledge to all well-informed men that Jamaica ginger is an intoxicating liquor, and that the court might, from the facts in this case, well have so told the jury. * * * While it is true that Jamaica ginger is manufactured to be used as a medicine and

not as a drink, still it is a familiar fact that it is often used as a substitute for whisky."

In the Colorado case quoted above their statute is broad and covers all classes of intoxicants.

In Cooper v. State, 19 Ariz. 486, 172 P. 276, in Supreme Court of the state of Arizona, construing its prohibitory laws under the provision of its Constitution, art. 23, prohibiting the sale and distribution of intoxicants of any kind within the state, it contains no expression as to that prescribed to be sold for medicinal purposes, held:

"Constitution, art. 23, forbidding the sale and distribution of intoxicating liquors of any kind to any person in the state, containing no exception as to that prescribed or sold for medicinal purposes, is not a regulatory provision, but one of suppression, and does not permit the sale of a compound of ardent spirits with other ingredients labeled 'Jamaica ginger' and sometimes used for medicinal purposes."

In the case of the City of Bowling Green v. Mc-Mullen, 134 Ky. 742, 122 S. W. 823, 26 L. R. A. (N. S.) 895, defendant McMullen was indicted charged with violating local option laws as found in section 2557, Ky. Statute, by selling five bottle next-to-beer, in Bowling Green, Ky., in violation of the provision of the said section of Kentucky statute "prohibiting the sale of spirituous, vinous or malt liquors." The court, construing that provision of the statute, held that the statute was not "violated by sale of malt liquor containing less than 2 per cent. of alcohol, and unintoxicating in the largest quantity in which it may be drunk." In this case the court construed that provision of its prohibitory statute, holding "that malt liquor sold must be intoxicating in order to be a violation of its statute."

The Supreme Court of Michigan, in construing its prohibitory statute (People v. Philpott, 219 Mich. 156, 188 N. W. 497), said:

"It being lawful to sell Jamaica ginger for culinary purposes and unlawful to sell it for beverage purposes, * * * in a general way, an intoxicating liquor is defined by the statutes of this state to be a liquor containing intoxicating properties which is capable of being used as a beverage or will produce intoxication. Now the term 'beverage' means a liquid for drinking; a name applied to various forms of drink. When the statute uses the term 'beverage,' it means something that can be drunk and will produce intoxication."

It will thus be seen that the statute under consideration by the Supreme Court of Michigan was a statute which defined intoxicating liquors to be held and construed to include any vinous, malt, brewed, fermented, or spirituous liquors, and every other liquor or liquid containing intoxicating properties which is capable of being used as a beverage, or will produce intoxication, whether medicated or not, and all liquids, whether proprietary, patented, or not, which contain any alcohol and are capable of being used as a beverage, and all mixtures, compounds, or preparations, whether liquid or not, which, when mixed with water or otherwise, produce, by fermentation or otherwise, an intoxicating liquor.

The provision of the Michigan statute defines the various kinds of intoxicants that are capable of being used as a beverage. The information in this case limits and defines the intoxicating liquor that defendant is charged with selling to be Jamaica ginger, without any further allegation as to it containing more than one-half of 1 per cent. alcohol, or without stating that it is capable of being used as a beverage.

In Commonwealth v. Sookey, 236 Mass. 448, 128 N. E. 788, 19 A. L. R. 1230, held:

That defendant, "who sold in good faith to customers bottles of extract of Jamaica ginger containing

88 per cent. of alcohol for flavoring and medicinal purposes, and so labeled, did not violate Rev. Laws, c. 100, prohibiting the unlawful sale of intoxicating liquors; the definition of section 2 not including Jamaica ginger, unless shown to be a 'beverage,' a liquor for drinking."

The court held the Supreme Judicial Court cannot take judicial notice that extract of Jamaica ginger is in fact an intoxicating beverage, and that it is generally sold and used as such.

We have at length referred to the statutes of other states on the question as to whether or not Jamaica ginger is such an intoxicant as the court may take judicial notice. In each of the cases referred to the statute defined what was intoxicating liquor, and some of the states went further and made it a violation to sell Jamaica ginger when sold as a beverage.

The statute of Oklahoma, under which the defendant was informed against, makes no mention of Jamaica ginger, nor does it define what shall be taken and considered as an intoxicant. Our courts have held that whisky, ale, and beer should be taken and considered as intoxicating, but in all other preparations and compounds the statute requires that it shall either "contain" more than "one-half of one per cent. of alcohol, measured by volume," or that it shall be a liquid "capable of being used as a beverage."

This court does not seem to have passed upon the question raised by the demurrer to this information. In the case of Levi Richardson v. State, 21 Okla. Cr. 393, 208 P. 1052, the information charged "intoxicating liquors, to wit, whisky, beer, choctaw beer, and wine were bartered, sold, and given away," and also alleged that the said choctaw beer contained more than one-half of 1 per cent. of alcohol measured by volume; the court, after hearing the proof, held it would not take judicial

notice of the intoxicating character of a beverage which was not made by any standard formula.

In Dutton v. State, 21 Okla. Cr. 186, 205 P. 940, the defendant was charged with selling a certain compound labeled "Hostetter's Celebrated Bitters," alleged to contain more than one-half of 1 per cent. of alcohol, capable of being used as a beverage. The court reversed the case for the reason that the trial court refused to permit the defendant to show what he had sold was a compound, and that he had sold it in good faith and not for beverage purposes.

The information in this case fails to charge the defendant in the language of the statute, or in words equivalent, of an offense under our statute, and the demurrer to the information was well taken and should have been sustained.

There are other errors assigned and argued in this case, but in the view we take of this record we do not deem it necessary to consider them.

The case is reversed and remanded.

DOYLE, P. J., and EDWARDS, J., concur.