## HENRY PARKER v. STATE.

No. A-6029. Opinion Filed Jan. 14, 1928.
(262 Pac. 1075.)

Robertson & Ammons, for plaintiff in error.

Smith C. Matson, Asst. Atty. Gen., for the State.

DAVENPORT, J. The plaintiff in error, hereinafter called the defendant, was charged by information with the crime of selling intoxicating liquors, the charging part of the information being:

"That in McIntosh county, in the state of Oklahoma, Henry Parker, alias Jew Henry, did on or about the 6th day of June, 1925, and anterior to the filing of the informa-

tion, commit the crime of violation of the prohibitory laws of the state of Oklahoma, in the manner and form as follows, to wit: That Henry Parker, alias Jew Henry, on the day and year aforesaid, in the county and state aforesaid, did willfully, wrongfully, and knowingly, barter, sell, and furnish to one H. H. Belcher certain spirituous, vinous liquor, ferment liquor, and intoxicating liquor, to wit, one gallon of Choctaw beer."

To this information the defendant filed a demurrer, as follows:

"Now comes the defendant and demurs to the information filed herein, for the reason that the said information fails to charge the defendant with any crime under the statutes of the state."

A jury was impaneled, and, after hearing the evidence and instructions of the court, returned a verdict of guilty, fixing the punishment of the defendant at a fine of $150, and imprisonment in the county jail for 60 days. Motion for a new trial was overruled, and exceptions duly saved. To reverse the judgment and sentence the defendant has appealed to this court, and has assigned three errors alleged to have been committed by the court in the trial of his case.

The first assignment of errors alleged to have been committed by the court upon which the defendant relies for a reversal is as follows:

"(1) The court erred in not sustaining the demurrer of plaintiff in error to the information."

The defendant in his argument insists that the information is not sufficient to charge a violation of the prohibitory laws of the state, and, in order to properly determine the question as to whether or not the demurrer is well taken, it is deemed necessary to set out the provision of the statute upon which this information is based. That part of section 7002 of the Compiled Statutes of Oklahoma 1921, which we deem necessary to quote, is as follows:

"It shall be unlawful for any person, individual or corporate, to manufacture, sell, barter, give away, or otherwise furnish except as in this chapter provided, any spirituous, vinous, fermented or malt liquors, or any imitation thereof or substitute therefor; or to manufacture, sell, barter, give away, or otherwise furnish any liquors or compounds of any kind or description whatsoever, whether medicated or not, which contain as much as one-half of one per cent. of alcohol, measured by volume."

The charge in the information is the selling of intoxicating liquor, to wit, Choctaw beer. The question then to be determined on the demurrer to the information is, Under what statute is the information drawn? Choctaw beer is not a spirituous, vinous, fermented or malt liquor, within the language of the statute quoted.

The next question then is, Does it come under the provision: "Or any imitation thereof or substitute therefor" for spirituous, vinous, fermented or malt liquors, or does it come under the provision of the statute, prohibiting the selling, bartering, giving away or otherwise furnishing any liquor or compound of any kind or description whatsoever, whether medicated or not, which contains as much as one-half of one per cent. of alcohol, measured by volume, and capable of being used as a beverage?

This court had the question before it in the case of Richardson v. State, 21 Okla. Cr. 393, 208 P. 1052, in which the court said:

"The Attorney General contends, however, that the court should take judicial notice that Choctaw beer is an intoxicating liquor, and that this, in addition to the evidence that the same was being manufactured on said premises, is sufficient to sustain the conviction under the statutory provisions. Possibly the conviction could stand, and the evidence be held sufficient if the court could take judicial notice that Choctaw beer is an intoxicating liquor, or that it contains more than one-half of 1 per centum of alcohol, measured by volume. Beverages, such as lager beer, which are made by some standard formula, and generally offered for sale, are judicially known to be intoxicat-

ing; but a beverage, such as Choctaw beer, not generally offered for sale in this jurisdiction, and having no fixed standard by which it is made, and having not become so well known as to have a general reputation as to its intoxicating character, cannot be judicially known to be intoxicating by the courts, and as to such a liquor the duty devolves upon the state in each instance to either prove its intoxicating character or else that it contains more than one-half of 1 per centum of alcohol, measured by volume, and is capable of being used as a beverage." Saddler v. State, 36 Okla. Cr. 412, 255 P. 719.

The information in this case fails to charge the defendant in the language of the statute, or in words equivalent of an offense under the statute; and the demurrer to the information was well taken, and should have been sustained.

There are other errors assigned and argued, but, in the view we take of this record, we do not deem it necessary to consider them.

The case is reversed and remanded.

DOYLE, P. J., and EDWARDS, J., concur.