## BILL DAVIS v. STATE.

No. A-8918.   Dec. 6, 1935.
(52 Pac. [2d] 96.)

Ward & Ward, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

EDWARDS, J.   Plaintiff in error, hereinafter called defendant, was convicted in the district court of Tulsa county of unlawfully tapping a pipe line, and was sentenced to serve a term of one year in the state penitentiary.

The record discloses that at the time charged, defendant, in the nighttime, while acting with some person unknown, uncovered a pipe line belonging to the Texas Pipe Line Company, removed a nipple from a tap saddle, connected a rubber hose thereto, and drew out 43 gallons of gasoline.   They were discovered before removing the gasoline.   Defendant was arrested the following day and this prosecution followed.

Several assignments of error are argued, none of which we think have any merit, except that of error of the court in overruling the demurrer on the ground the information did not state facts sufficient to constitute a violation of section 2274, Okla. St. 1931, under which the prosecution is based. Our statute has two sections relating to the tapping or removal of crude oil and its derivatives from a pipe line, being sections 2274 and 2275, Okla. St. 1931. They are:

"2274. Any person who shall unlawfully make or cause to be made any connection with or in any way tap or cause to be tapped, or drill or cause to be drilled a hole in any pipe or pipe line or tank laid or used for the conduct or storage of crude oil, naphtha, gas or casinghead gas, or any of the manufactured or natural products thereof, with intent to deprive the owner thereof of any of said crude oil, naphtha, gas, casinghead gas or any of the manufactured or natural products thereof, shall be guilty of a felony."

"2275. Any person who shall unlawfully take any crude oil or gasoline, or any product thereof, from any pipe, pipeline, tank or other receptacle or container with intent to deprive the owner thereof of said crude oil, gas or gasoline or any product thereof shall be guilty of a misdemeanor."

The charging part of the information is "* * * that said defendant * * * did unlawfully, willfully, and feloniously, while acting in concert with one John Doe * * * tap a pipe line owned and operated by the Texas Pipe Line Company of Oklahoma, a corporation * * * by then and there removing a nipple from a tap saddle and then and there connecting a rubber hose to said saddle and turning a stop and then and there drawing and removing 43 gallons of gasoline from said pipe line, with the unlawful and felonious intent, then and there upon the part of said

defendant while acting in concert with said John Doe, to deprive the owner thereof permanently and to convert the same to his own use and benefit." Defendant interposed a demurrer, specifically pointing out that the information did not allege the pipe line was laid or used by said Texas Company or any other person "for the conduct or storage of crude oil, naphtha, gas, etc." Section 2274, supra, defines a "felony" in the tapping of a pipe line laid or used for the conduct or storage of crude oil, etc. The tapping of a pipe line laid or used for any other purpose does not fall within the terms of section 2274, and a charge of tapping a pipe line without an allegation that it was laid or used for the conduct or storage of crude oil and its derivatives omits an essential part of the definition of the offense denounced by section 2274 and is insufficient to charge a crime under that section. The concluding part of the charge more nearly falls within the terms of section 2275, supra, in alleging the removal from a pipe line of gasoline. Stout v. Territory, 2 Okla. Cr. 500, 103 Pac. 375; Saddler v. State, 36 Okla. Cr. 412, 255 Pac. 719.

For the reasons assigned, the case is reversed.

DAVENPORT, P. J., and DOYLE, J., concur.