## JESS HART v. STATE.

No. A-9035. Aug. 28, 1936.
(60 Pac. [2d] 411.)

Geo. C. Crump and C. H. Baskin, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

DOYLE, J. This is an appeal from a judgment of conviction for the crime of tapping a pipe line, pronounced

and entered July 27, 1935, in conformity with the verdict of the jury finding the defendant, Jess Hart, guilty of tapping a pipe line and assessing his punishment at imprisonment in the penitentiary for a term of four years. The statute under which the conviction was had is section 2274 of the Penal Code, which reads as follows:

"Any person who shall unlawfully make or cause to be made any connection with or in any way tap or cause to be tapped, or drill or cause to be drilled a hole in any pipe or pipe line or tank laid or used for the conduct or storage of crude oil, naphtha, gas or casinghead gas, or any of the manufactured or natural products thereof, with intent to deprive the owner thereof of any of said crude oil, naphtha, gas, casinghead gas or any of the manufactured or natural products thereof, shall be guilty of a felony, and upon conviction shall be punished by confinement in the penitentiary for a term of not less than one year nor more than five years."

Section 2275 of the Penal Code reads as follows:

"Any person who shall unlawfully take any crude oil or gasoline, or any product thereof, from any pipe, pipeline, tank or other receptacle or container with intent to deprive the owner thereof of said crude oil, gas or gasoline or any product thereof shall be guilty of a misdemeanor, and upon conviction shall be punished by a fine of not more than one hundred dollars ($100), or by imprisonment in the county jail not to exceed sixty (60) days, or by both such fine and imprisonment."

The information charged that Jess Hart did in Okfuskee county, on or about the 11th day of June, 1935, commit the crime of tapping a pipe line in manner and form as follows, to wit:

"That at and within the county and state aforesaid and on or about the day and year aforesaid Jess Hart then and there being did, then and there knowingly, wil-

fully, unlawfully, wrongfully and feloniously and without the knowledge or consent and against the will of the Phillips Petroleum Corporation, a corporation, true owners of said pipeline, made and cause to be made a connection with and tap and drill a hole in a certain pipeline the property of the said Phillips Petroleum Corporation and located in the said Okfuskee county, Oklahoma, with the wrongful, unlawful and felonious intent then and there on the part of him the said Jess Hart to take, steal and carry away certain gasoline then and there contained in said pipeline, the property of the said Phillips Petroleum Corporation and to permanently deprive said Phillips Petroleum Corporation of said property and convert the same to his own use and benefit, contrary to," etc.

The overruling of the defendant's demurrer to the information is assigned as error.

Counsel contend that under the opinion of this court in the case of Davis v. State, 58 Okla. Cr. 268, 52 Pac. (2d) 96, 97, holding that an information charging offense of tapping a pipe line, which failed to allege that pipe line alleged to have been tapped was laid or used for conduct or storage of crude oil and its derivatives, was insufficient to charge a violation of section 2274, St. 1931, the court erred in overruling the demurrer to the information.

In the opinion it is said:

"Section 2274, supra, defines a 'felony' in the tapping of a pipe line laid or used for the conduct or storage of crude oil, etc. The tapping of a pipe line laid or used for any other purpose does not fall within the terms of section 2274, and a charge of tapping a pipe line without an allegation that it was laid or used for the conduct or storage of crude oil and its derivatives omits an essential part of the definition of the offense denounced by section 2274 and is insufficient to charge a crime under that section. The concluding part of the charge more nearly

falls within the terms of section 2275, supra, in alleging the removal from a pipe line of gasoline. Stout v. Territory, 2 Okla. Cr. 500, 103 Pac. 375; Saddler v. State, 36 Okla. Cr. 412, 255 Pac. 719."

No principle of criminal pleading is better settled than that an information for a statutory offense must be framed upon the statute, and that this fact must distinctly appear upon the face of the information itself. That it shall so appear the pleader must either charge the offense in the language of the statute or specifically set forth the facts constituting the same.

For the reasons stated said demurrer to the information should have been sustained.

There are other assignments of error argued in the briefs, but we do not deem their discussion necessary further than to say that owing to the fact that there has been a revision of the statutes as authorized by chapter 23, Session Laws 1931, the holding of this court in the case of Smith v. State, 47 Okla. Cr. 184, 287 Pac. 835, is approved.

The authority given the Legislature by the Constitution, art. 5, § 43, to revise the laws, permits it to revise to any extent so long as the substance of the proposed revision is not otherwise prohibited by the Constitution. The revision is a substitute. It displaces and repeals the former law as it stood relating to the subjects within its purview. Ex parte Autry, 58 Okla. Cr. 88, 50 Pac. (2d) 239.

The judgment of the district court of Okfuskee county is reversed and the cause remanded, with direction that the demurrer to the information be sustained, and for such other and further proceedings as may be proper in the case.

The warden of the state penitentiary will surrender the plaintiff in error, Jess Hart, to the sheriff of Okfuskee county to hold him in custody until he shall be discharged or his custody changed by due course of law.

EDWARDS, P. J., and DAVENPORT, J., concur.