MIKE MALADIN v. STATE.

No. A-9783. April 30, 1941.
(113 P. 2d 201.)

L. G. Brewer, of Sayre, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., for defendant in error.

JONES, J. The defendant, Mike Maladin, was charged by information on August 18, 1939, in the county court of Beckham county, with selling two gin fizzes; was tried, convicted, and sentenced to serve a term of 30 days in the county jail and to pay a fine of $50 and costs, from which judgment and sentence he appeals to this court.

Defendant contends that the trial court erred in overruling his demurrer to the information.

The information, in part, is as follows:

"* * * One Mike Maladin and Rita Moore late of the County aforesaid, on or about the 17 day of August 1939 in the County of Beckham and State of Oklahoma, did

then and there unlawfully, knowingly, willfully, intentionally, and wrongfully, sell, barter, give away, and otherwise dispose of two drinks of intoxicating liquor, commonly called gin fizzes, to Richard Roe, a person whose true name is unknown to affiant. * * *"

Defendant demurred to the information on the ground that the statutory words "which contain more than three and two-tenths (3.2%) per cent of alcohol, measured by weight, and which is capable of being used as a beverage" were not set forth in said information. Demurrer was overruled.

Defendant was charged under Session Laws of 1933, ch. 153, p. 338, § 2, 37 Okla. St. Ann. § 1, which does not define what shall be considered as an intoxicant. Our courts, however, have held that liquors per se, such as brandy, gin, whisky, wine, and alcohol, would be considered as intoxicating; but in charging the sale of preparations, mixtures, and compounds, other than liquors per se, under said statute, it is necessary to allege that such liquors "contain more than three and two-tenths (3.2%) per cent of alcohol, measured by weight, and which is capable of being used as a beverage." Saddler v. State, 36 Okla. Cr. 412, 255 P. 719; Parker v. State, 39 Okla. Cr. 25, 262 P. 1075; Skelton v. State, 31 Okla. Cr. 343, 239 P. 189.

An alleged gin fizz cannot be called a liquor per se, since it is a mixture, like a lemon sour, which is not made by a standard formula, is not generally offered for sale in this jurisdiction, and which has not become so well known as to have a general reputation as to its intoxicating character. Davis v. State, 71 Okla. Cr. 82, 108 P. 2d 200; Richardson v. State, 21 Okla. Cr. 393, 208 P. 1052.

In passing upon this case, we direct attention that it has been held that an information, which charges that

the accused did "sell, barter, give away, and otherwise furnish" intoxicating liquor, charges only a sale or barter; the "give away, and otherwise furnish" feature is considered as surplusage where specific facts are not pleaded. Jenkins v. State, 11 Okla. Cr. 168, 145 P. 500; Tracy v. State, 9 Okla. Cr. 532, 132 P. 692.

The phrase "otherwise dispose of," which was used in this information, is not contained in the statute, and in many respects is a weaker phrase than "otherwise furnish." There was a complete failure of proof as to a sale or barter of the two alleged gin fizzes on the part of the defendant.

The information as prepared was defective, and the demurrer thereto should have been sustained.

The defendant makes many other assignments of error, but it is only necessary that we consider one of them.

It is alleged that the proof is insufficient to sustain a sale of intoxicating liquor.

The state introduced the testimony of only one witness, the sheriff of Beckham county, to prove the alleged sale. The sheriff testified that he went to the defendant's cafe about 11 o'clock at night. That he parked his car on the outside of the cafe, and saw a girl bring some drinks on a tray and distribute them to folks in a car. That he seized two of the drinks, took them into the place of business, and set them down, and walked through a door into a little dance hall, where there were a man and a lady sitting at a table drinking. That he went over and found some glasses of liquid on the table, and tasted of it, and determined that it contained gin or alcohol. That he took the two glasses he found on the table and poured the liquid contained in them into a pint bottle, together with the liquid contained in the other two glasses taken from the car on the outside of the cafe.

As to the nature of the drinks and the alleged sale, the sheriff testified concerning the defendant:

"Q. Did he tell you whether or not he had mixed them himself? A. No, sir. * * * Q. Sheriff, do you know who those individuals were that you spoke of sitting there at the table? A. No, sir. Q. Did you ask them? A. No, sir. Q. Did you make any effort to find out who they were at all? A. No, sir. Q. But there was more than one of them? A. There was a man and a lady. Q. Did you see this defendant, Mike Maladin, mix these drinks? A. No, sir. Q. Did you see him put any lemon juice or seltzer water or ice or anything like that in these drinks? A. No, sir. Q. Did you see him receive any pay for these drinks that you have alleged in there? A. No, sir. Q. Did he tell you he received pay for them? A. No, sir."

The defendant is not charged with the unlawful possession of intoxicating liquor or with maintaining a public nuisance, but the state relies specifically upon the fact that the information charges defendant with a sale of liquor.

A sale is a transfer of property from seller to buyer for a consideration or price in money, paid or promised; an agreement by which a title passes from one and vests in the other. Reed v. State, 3 Okla. Cr. 16, 103 P. 1070, 24 L. R. A., N. S., 268.

In Stevens v. State, 31 Okla. Cr. 376, 239 P. 273, this court held:

"To sustain a charge of selling intoxicating liquors, there must be proven a consideration paid or promised by or in behalf of a purchaser to or in behalf of a seller, and a delivery of the thing sold."

No other proof was offered by the state other than what is hereinabove set forth. It is clear that the state has failed to prove a sale. There are probably sufficient circumstances to show that the alleged liquor was mixed

in the defendant's cafe, but the proof is wholly insufficient to prove a sale.

The vigilant enforcement of the prohibition laws is to be commended; yet if a conviction is to be sustained, it must be based upon facts from which a legitimate deduction of guilt can be had. The proof does not show that the defendant sold intoxicating liquor to anybody. All it does show is that a man and a woman were sitting at a table, drinking a liquid which contained some alcohol. There is nothing to indicate that the defendant parted with the alcohol, if he ever had it, for a consideration.

For the reasons hereinabove stated, the judgment of the county court of Beckham county is reversed.

BAREFOOT, P. J., concurs. DOYLE, J., absent.