## G. W. ROBINSON v. STATE.

No. A-2556.   Opinion Filed February 1. 1919.

(177 Pac. 925.)

1.  **HOMICIDE—Conviction—Degree—Complaint.** Where a defendant is placed on trial for murder and convicted of manslaughter in the second degree, he cannot legally complain because convicted of a less crime than the evidence shows him to have been guilty of.

2.  **APPEAL AND ERROR—Failure to Argue—Assignments—Consideration.** Errors assigned in the petition in error, but not argued in defendant's brief, will be regarded as abandoned, and will not be considered, unless such errors as are not argued in defendant's brief present fundamental error.

3.  **HOMICIDE—Prejudicial Error.** Upon a full consideration of errors argued in defendant's brief, it is found that no prejudicial error intervened in his trial.

4.  **SAME—Manslaughter in Second Degree—Sufficiency of Evidence.** Evidence held to sustain a conviction of manslaughter in the second degree.

*Appeal from District Court, Pittsburg County;*
*R. W. Higgins, Judge.*

G. W. Robinson was convicted of manslaughter in the second degree, and he appeals. Affirmed.

*A. C. Sewell* and *Carl Monk*, for plaintiff in error.

*S. P. Freeling*, Atty. Gen., and *R. McMillan*, Asst. Atty. Gen., for the State.

ARMSTRONG, J. The plaintiff in error, G. W. Robinson, hereinafter referred to as defendant, was by information prosecuted for the murder of Will Cully, convicted of manslaughter in the second degree, and sentenced to confinement in the penitentiary for two years at hard labor. To reverse the judgment rendered, the defendant prosecutes this appeal.

No question is raised by the defendant as to the sufficiency of the information.

The material evidence, other than that of the defendant, is that the deceased, on the morning of the tragedy, went into the barber shop in which the defendant was employed, and used abusive language to the defendant, to which the defendant replied in like language, and directed the deceased to leave the barber shop, and that about 1 o'clock of the same day the deceased returned to the barber shop and renewed the altercation with the defendant and drew a pistol upon him, but did not attempt to shoot the defendant, and thereupon the defendant armed himself with an automatic pistol, and the deceased retreated to an adjoining room to the barber shop, known as the tailor shop; that defendant grabbed another and larger pistol than the one he had, and, with two pistols in his hands, called upon deceased to come out of the tailor shop, saying that deceased was a coward if he did not come out; that there was an open door between the barber shop and the tailor shop; that something was heard to drop in the tailor shop, and that afterwards a pistol was found on the floor of the tailor shop; that the deceased came to the door be-

tween the barber shop and the tailor shop, and was attempting to apologize to the defendant, when the defendant shot the deceased, setting his clothing afire, from the effects of which shot, and within a few hours after being shot, the deceased died; that an examination of the clothing of the deceased disclosed that the deceased was not armed with a pistol at the time he was shot.

There was also evidence to show that the character of the deceased as a man of peace was bad, and that the character of the defendant as a man of peace and quiet was good.

The foregoing evidence, as stated, is largely corroborated by the evidence of the defendant, and varies little therefrom, but in addition the defendant testified:

"That he did not want to be killed or to kill the deceased; that he (defendant), was scared and excited; that he thought he would knock the arm of the deceased down, and that when he hit at his arm the gun went off, and he (defendant) did not know what he was doing; and that at the time he thought deceased was going to shoot him."

It is urgently insisted by the defendant that "the verdict of the jury is contrary to law and the evidence, and is not sustained by the evidence," and with this contention we cannot agree, as the evidence not only warrants the verdict rendered, but was sufficient to have sustained a conviction of a higher offense than manslaughter in the second degree, the offense of which the defendant was found guilty.

We are of the opinion that, eliminating all the evidence in the case other than that of the defendant, his evidence was sufficient to at least support a conviction of manslaughter in the second degree. Certainly the defendant cannot say that the jury did not construe the evidence

as favorably as 'possible to him, and resolved every possible doubt in his favor.

In an information for murder, manslaughter in the second degree is included, and the defendant cannot rightfully complain that he was convicted of a less offense than was authorized by the evidence.

We have carefully considered the parts of the given instructions complained of, and are of the opinion that the said instructions of the court, taken as a whole, correctly state the law, and are as favorable to the defendant as he had any right to expect.

Requested instructions, numbered respectively 1, 2, 3, and 4, refused by the court, we think were properly refused, because said instructions numbered 2 and 4 are covered in the general instructions of the court, and said instructions numbered 1 and 3 do not correctly state the law of the case under the evidence.

Having considered all the errors argued in defendant's brief, and finding that no prejudicial error intervened in his trial, and the entire record showing that he had a fair and impartial trial, that under the evidence the defendant might have been rightfully convicted of a higher offense than he was, the judgment of the trial court is affirmed.

DOYLE, P. J., and MATSON, J., concur.