## LOGAN PARKS v. STATE.

No. A-3526—Opinion Filed May 18, 1920.

Rehearing Denied Jan. 15, 1921.

(194 Pac. 281.)

(Syllabus.)

**HOMICIDE—Assault with Intent to Kill—Sufficiency of Evidence.**
It is only when there is no substantial evidence to support the verdict that the appellate court will reverse on the ground of insufficient evidence. In this case the evidence examined and held sufficient to support the verdict of guilty of assault with intent to kill by shooting another with a shotgun.

*Appeal from District Court, Hughes County;*

*Geo. C. Crump, Judge.*

Logan Parks was convicted of an assault with intent to kill, and he appeals. Affirmed.

*J. L. Skinner,* for plaintiff in error.

The Attorney General and *W. C. Hall,* Asst. Atty. Gen., for the State.

DOYLE, P. J. Plaintiff in error, Logan Parks, was convicted in the district court of Hughes county on an information charging that he did assault with intent to kill one Walter Taylor by shooting him with a shotgun, and his punishment was fixed at imprisonment in the penitentiary for a term of two years. From the judgment rendered on the verdict he appealed by filing in this court on April 12, 1919, a petition in error with case-made. The errors assigned question the sufficiency of the evidence to sus--

tain the verdict. The testimony on the part of the state tended to show that on the day named in the information Walter Taylor was returning to his home from the town of Yeager, on horseback, carrying some groceries under his arm; riding along the road with him was a friend on horseback; they saw the defendant, Logan Parks, standing by the side of the road, and as they passed Logan Parks raised a double-barreled shotgun and shot Taylor. Just before he was shot Taylor said, "Don't shoot me, Mr. Logan; don't shoot me." Taylor dismounted, and as he ran down the road crying for help the defendant shot him again, the charge entering his back.

As a witness in his own behalf the defendant testified that his wife was a sister of Walter Taylor; that he had a great deal of domestic trouble by reason of Taylor interfering in his family affairs; that on the night of the shooting he had been over in his cotton patch and around by the field carrying a double-barreled shotgun to shoot rabbits, and stopped at Mr. Moore's, something like half a mile from his home; that he left Mr. Moore's and was walking up the road when Walter Taylor and Gordan Lee rode up behind him, and when they passed Taylor stopped and seemed to be pulling a gun, and he fired both barrels at Taylor in self-defense; that when Taylor left he picked up a Colt's 38 special from the roadside where Taylor was when he fired the shots; that no word was spoken by either until the shots were fired.

Aside from the testimony of the defendant in support of the self-defense theory, all the evidence in the case shows that at the time the defendant fired the shots the complaining witness Taylor was committing no act and making no demonstration to indicate that he was about

to attack the defendant. In our opinion, the evidence for the state fully sustains the conviction.

Finding no prejudicial error in the record, the judgment is affirmed.

ARMSTRONG and MATSON, JJ., concur.