## HARVEY WILLIAMS v. STATE.

No. A-3327.    Opinion Filed June 9, 1920.

Rehearing Denied Sept. 11. 1920.

(191 Pac. 744.)

(Syllabus.)

1. **APPEAL AND ERROR—Review—Conviction—Sufficiency of Evidence.** The trial jury is the exclusive judge of the weight of the evidence and of the credibility of the witnesses, and this court will not review a judgment of conviction where there is any competent evidence tending to support the same.

2. **HOMICIDE—Appeal—Right to Complain—Conviction for Lessor Degree Than Proved.** Where the defendant is placed on trial for murder and convicted of manslaughter in the second degree. he cannot legally complain because convicted of a less crime than the evidence shows him to have been guilty of.

3. **APPEAL AND ERROR—Harmless Error—Admission of Evidence.** A judgment of conviction will not be reversed because of the improper admission of evidence, unless, after an examination of the entire record, it clearly appears that such error has probably resulted in a miscarriage of justice, or constitutes a violation of some constitutional or statutory right of the defendant.

4.      **APPEAL AND ERROR**—Necessity for Reserving Error—**Instructions.** Instructions not objected to in the trial court, nor called to the attention of the trial court in the motion for a new trial, will not be considered on appeal unless fundamentally erroneous.

*Appeal from District Court, Payne County;*
*John P. Hickam, Judge.*

Harry Williams was convicted of the crime of manslaughter in the second degree, and he appeals. Affirmed.

*J. M. Springer* and *E. G. Wilson,* for plaintiff in error.

*S. P. Freeling,* Atty. Gen., and *W. C. Hall,* Asst. Atty. Gen., for the State.

MATSON, J.    Harry Williams was convicted in the district court of Payne county, at the October term, 1917, of the crime of manslaughter in the second degree, and sentenced to serve a term of two years' imprisonment in the state penitentiary. The information charged the defendant with having murdered William Williams on the 12th day of June, 1917.

William Williams and the defendant were brothers. The killing occurred in a public highway in front of the home of the deceased about the hour of 8 o'clock p. m. The only eyewitness to the tragedy, besides the defendant, was Annie Williams, the widow of the deceased. The testimony of Annie Williams, if believed by the jury, was sufficient to support a conviction of murder. The testimony of the defendant, if believed by the jury, would entitle him to be acquitted on the ground of self-defense.

It is first contended that the evidence is not sufficient to support the conviction. It is not necessary to enter into

a lengthy discussion of this evidence. Counsel for defendant admit that on appeal a conviction will not be reversed where there is any evidence reasonably tending to support the guilt of the accused, but it is strenuously contended that Annie Williams, the only eyewitness to the tragedy who testified for the state, is not a credible witness, because she was impeached in the trial court.

It is only necessary to reiterate that the trial jury is the exclusive judge of the weight of the evidence and of the credibility of the witnesses, and that this court will not reverse a judgment of conviction where there is any competent evidence tending to support the same. We find such evidence in this record.

In this connection, it is also contended that there is no evidence which would tend in any way whatever to support a conviction for manslaughter in the second degree; that the defendant is either guilty of murder or nothing, and the jury should have found him either guilty of murder, or should have acquitted him on the ground of self-defense.

In the case of *Robinson v. State,* 15 Okla. Cr. 456, 177 Pac. 925, this court held:

"Where a defendant is placed on trial for murder and convicted of manslaughter in the second degree, he cannot legally complain because convicted of a less crime than the evidence shows him to have been guilty of."

It is also contended that the court erred in admitting certain competent and irrelevant testimony in rebuttal to the effect that the defendant was intoxicated some two or three hours after the killing took place.

In view of the fact that the defendant admitted his intoxicated condition at that time, and was permitted to ex-

plain his intoxication, and that he drank a considerable quantity of intoxicating liquor immediately after the killing, and in view of the further fact that there was no controversy upon the question of whether or not he was intoxicated at the time of the killing, it cannot be said that the action of the trial court in the light of the entire record was prejudicial to the defendant in permitting certain witnesses to testify that the defendant was intoxicated some two or three hours after the homicide took place.

The Legislature has specifically provided, by section 6005, Revised Laws 1910, that no judgment of conviction shall be reversed because of the improper admission of evidence, unless, after an examination of the entire record, it clearly appears that such error has probably resulted in a miscarriage of justice, or constitutes a violation of some constitutional or statutory right of the defendant.

It is also contended that the court erred in giving instruction No. 14½ of the general charge to the jury, which said instruction related to the law applicable to self-defense.

This instruction was not excepted to in the court below. In fact, the record indicates that the instruction was probably given at the request of the defendant.

The specific objection urged against the instruction is that it is not applicable to the issues in the case. The instruction is not fundamentally erroneous, and in the absence of a specific objection taken to the same in the trial court, and in view of the further fact that this alleged error was not called to the attention of the trial court in the motion for a new trial, no question is presented properly to be considered on appeal.

Other instructions are complained of, but they are such as have heretofore been approved by this court in homicide cases, and are based upon statutory provisions relative to homicide. We find no reversible error in the action of the trial court in giving such instructions.

While the evidence in this case on the part of the state and that of the defendant is in direct conflict as to what occurred at the time of this killing, the jury having decided such conflict against the defendant, and the record before us disclosing no prejudicial error, it is the opinion of this court that the judgment of the district court of Payne county sentencing the defendant to serve a term of two years' imprisonment in the state penitentiary should be affirmed.

It is so ordered.

DOYLE, P. J., and ARMSTRONG, J., concur.