## J. A. REDDEN et al. v. STATE.
### No. A-3795.   Opinion Filed Nov. 29, 1922.
### (210 Pac. 556.)

#### (Syllabus.)

1.  **Intoxicating Liquors—Validity of State Laws in Harmony with Volstead Act.** The states may enact new laws or may enforce any pre-existing laws as to intoxicating liquors which tend to effectuate and not defeat the purposes of Const. U. S. Amend. 18 and the Volstead Act.

2.  **Appeal and Error—Presumption that Proper Foundation Laid for Admission of Evidence.** Where the case-made does not include a complete transcript of the evidence, this court will not hold there was an entire failure, on the part of the state, to identify the liquid tested by a witness for its alcoholic content with that possessed by defendants, although such witness was unable to testify to such facts. In the absence of all the evidence, the presumption will be entertained on appeal that the links necessary to connect the liquid tested with that possessed by defendants was supplied by the testimony of other witnesses, the duty devolving upon appellants to bring before the court so much of the proceedings of the trial court as will permit this court to pass intelligently and safely upon the questions presented.

3.  **Appeal and Error—Burden to Show Prejudicial Error.** The burden is upon appellant to affirmatively show that error prejudicial to his substantial rights was committed in the trial.

4.  **Intoxicating Liquors—Sale of Ginger as Beverage—Instruction.** Instructions examined, and held not fundamentally erroneous, and in the absence of a complete transcript of the evidence, not prejudicially erroneous.

Appeal from County Court, Atoka County; J. M. Humphreys, Judge.

J. A. Redden and J. A. Redden, Sr., were convicted of a violation of the prohibitory liquor laws, and they appeal. Affirmed as to J. A. Redden, and abated as to J. A. Redden, Sr.

J. G. Ralls and C. McCasland, for plaintiffs in error.

The Attorney General, and N. W. Gore, Asst. Atty. Gen., for the State.

PER CURIAM. This is an appeal from the county court of Atoka county, wherein plaintiffs in error (hereinafter referred to as defendants) J. A. Redden and J. A. Redden, Sr., were convicted of the crime of unlawful possession of intoxicating liquor, and each sentenced to pay a fine of $50 and to serve a term of 30 days' imprisonment in the county jail.

Showing has been made to this court that the defendant J. A. Redden, Sr., has died since the taking of this appeal. It is therefore ordered that the cause as to him be, and the same is hereby, abated.

It is first contended that the trial court had no jurisdiction to try and render judgment against defendants for the reason that the prohibitory liquor laws of this state have been superseded by the Eighteenth Amendment to the Constitution of the United States and the act of Congress (Volstead Act [41 Stat. 305]) enacted in pursuance thereof.

This assignment of error is without merit. The second section of the Eighteenth Amendment to the United States Constitution provides:

"The Congress and the several states shall have concurrent power to enforce this article by appropriate legislation."

Said amendment prohibits the manufacture, sale, or transportation of intoxicating liquors within the United States and its territories for beverage purposes. The statute upon which this prosecution is based (section 3605, Revised Laws 1910) is

not in abrogation of said Eighteenth Amendment, nor is it in conflict therewith.  The said statute was enacted in furtherance of the constitutional provision of this state prohibiting the manufacture, sale, transportation, et cetera, within the state of intoxicating liquors of any kind.

In construing the second section of said Eighteenth Amendment, the Supreme Court of the United States, in Rhode Island v. Palmer, and other cases, 253 U. S. 350, 40 Sup. Ct. 486, 588, 64 L. Ed. 946, held:

"Const. Amend. 18, § 2, giving Congress and the states concurrent power to enforce such amendment by appropriate legislation, does not authorize Congress or the states to defeat or thwart the prohibition contained in section 1, but only to enforce it by appropriate means."

In the case of Vigliotti v. Pennsylvania, 258 U. S. 403, 42 Sup. Ct. 330, 66 L. Ed. 389, the Supreme Court of the United States held:

"State legislation which prohibits every sale of spirituous liquors without a license, the law applying however small the percentage of alcohol, and although the liquor may not be intoxicating, and although it may be sold only for industrial purposes, was not superseded by the adoption of the Eighteenth Amendment to the Federal Constitution, and the enactment of the Volstead Act of October, 28, 1919, to enforce that amendment."

In People v. Tomasovich (Cal. App.) 206 Pac. 119, it is held:

"A county ordinance concerning the sale of intoxicating liquors is not in conflict with the Volstead Act and invalid because it imposes a greater or less penalty."

In the case of State v. Jewett (Wash.) 207 Pac. 3, it is held:

"The states may enact new laws or may enforce any pre-existing laws as to intoxicating liquors which tend to effect-

uate and not defeat the purposes of Const. U. S. Amend. 18 and the Volstead Act.''

Holding to the view that the statute upon which this prosecution is based tends to effectuate and not defeat the purposes of the Eighteenth Amendment to the United States Constitution and the Volstead Act, we pass to a consideration of the other alleged errors.

It is next contended that the trial court erred in permitting the witness W. H. Omohundro to testify in behalf of the state as to certain tests and examinations that he made as to the alcoholic contents of a sample of extract of ginger. The objections urged to the testimony of this witness are twofold: (1) That he did not qualify as an expert; (2) that it is not shown that he made a test of the identical liquid in controversy.

An examination of the direct and cross-examination of the witness convinces the court that there was a sufficient showing of the witness' qualifications to make the test in the manner in which it was made; and, as to the second objection, while the testimony of the witness does not show that he tested the identical liquid in controversy, the defendants have not brought to this court all the evidence produced at the trial, and in the absence of an entire transcript of the evidence this court will not hold there was an entire failure on the part of the state in the trial to identify the liquid tested by the witness Omohundro with that alleged to have been possessed by defendants. We have before us only the testimony of the witness Omohundro. It is the duty of an appellant to bring before the court so much of the proceedings of the trial court as will permit this court to pass intelligently and safely upon the questions presented, and where that is not done the presumption will be entertained on appeal, in the absence of a contrary showing, that all prelimin-

ary steps were taken to form sufficient foundation to authorize the admission of the evidence objected to, as the burden in this court is upon the appellant to affirmatively show that error prejudicial to his substantial rights was committed in the trial. Cowan v. State, 5 Okla. Cr. 313, 114 Pac. 627; Johnson v. State, 21 Okla. Cr. 17, 204 Pac. 311; Killough v. State, 6 Okla. Cr. 311, 118 Pac. 620.

Complaint is also made of several of the trial court's instructions, and while the charge is not a model one, yet when considered as a whole we find no error contained therein which we deem sufficient to authorize the reversal of this judgment, especially in view of the fact that defendants have failed to bring before the court for review and consideration in connection with the instructions all the evidence adduced at the trial.

Defendants were charged with having the possession of ten gallons of extract of ginger, and while such extracts are not ordinarily placed on the market for the purpose of sale as beverages, it is a well-known fact, as stated in the brief of defendants' counsel, that such extracts, as well as certain medical compounds, are sometimes sold for beverage purposes, with the knowledge and belief on the part of the seller that the purchaser intends to dilute them and use them solely for their intoxicating effect. At the request of defendants, the trial court instructed that—

It was "not a violation of the law in this state to sell extracts or medicines containing more than one-half of one per cent. of alcohol, and the quantity of alcohol is immaterial so long as the liquid containing the same is prepared for and sold as a medicine, or an extract or compound to be used other than as a beverage, and it is only a violation of the law to sell such liquids when the same is likely to be used as a beverage instead of the purpose for which it is really compounded or put up."

This instruction sufficiently safeguarded the rights of defendants under the holding of this court in Dutton v. State, 21 Okla. Cr. 186, 205 Pac. 940. The fact that the article itself was not capable of being used as a beverage in the state in which it was sold is immaterial, provided the sale was made for its use as an intoxicating beverage, and it could be so used in a diluted state or condition. State v. Kollar, 17 Okla. Cr. 132, 186 Pac. 968. In the absence of all the evidence in the case, we must presume that defendant was possessed of the quantity of extract of ginger alleged in the information, to wit, 10 gallons. The possession of such an enormous quantity of ginger extract is of itself, especially in a small town the size of Stringtown (which, according to the 1920 census, contains 225 inhabitants), a strong presumption of fact that the article was possessed for unlawful purposes.

Judgment as to J. A. Redden affirmed.

Abated as to J. A. Redden, Sr.