## JOE WILLIS v. STATE.

No. A-4294.   Opinion Filed Nov. 24, 1923.
(220 Pac. 72.)

(Syllabus.)

1. **Homicide—Error Favorable to Defendant—Submission of Issue of Manslaughter Where Law and Facts Show Murder.** In a prosecution for murder, when the court submits the issue, and the jury finds the defendant guilty of manslaughter in the first degree, in a case where the law and the facts make the crime murder, it is an error in the defendant's favor, of which he has no cause to complain.

2. **Appeal and Error—Necessity for Prejudicial Error—Evidence.** A conviction will not be set aside because of error in the admission of evidence, unless, in the opinion of this court, such error probably resulted in a miscarriage of justice or deprived defendant of some constitutional or statutory right, to his prejudice.

Appeal from District Court, Choctaw County; G. M. Barrett, Judge.

Joe Willis was convicted of manslaughter in the first degree, and he appeals. Affirmed.

John Cocke and Warren, Warren & Warren, for plaintiff in error.

George F. Short, Atty. Gen., and John Barry, Asst. Atty. Gen., for the State.

MATSON, P. J. On the 3d day of November, 1921, plaintiff in error, Joe Willis (hereinafter referred to as defendant), was convicted of the crime of manslaughter in the first degree in the district court of Choctaw county, on an information charging defendant with the murder of one George Clemmons, alleged to have been committed in said county on or about the 24th day of July, 1920. The punishment was fixed by the jury at imprisonment in the state penitentiary for a term of 10 years.

But two assignments of error are urged by counsel for the defendant as grounds for reversal of this judgment. First is that the court erred in instructing the jury upon the issue of the guilt of the defendant of the crime of manslaughter in the first degree.

In this connection it is contended that the facts and circumstances as viewed from the evidence introduced by the state disclosed that the defendant was guilty of the crime of murder; that the facts and circumstances viewed from the evidence as introduced by the defense disclosed that the defendant acted in his necessary self-defense; that there was no evidence to justify an instruction on the law of manslaughter in the first degree; and that the giving of such instruction was clearly prejudicial to the substantial rights of this defendant.

The court instructed the jury on the issue of the defendant's guilt of manslaughter in the first degree without objection on the part of the defendant and without any exception being taken to such instruction. His failure to thus object and except within itself was a waiver of this alleged error. Steward v. State, 9 Okla. Cr. 327, 131 Pac. 725.

However, under the repeated decisions of this court, it is uniformly held that a defendant who has been convicted of manslaughter cannot complain that the court charged on that degree of felonious homicide and that the evidence would not justify such a charge. Especially is this true where the evidence is sufficient to have authorized his conviction of a higher grade of the offense than that for which he was convicted. Counsel for the defendant admit in the brief filed that the evidence on behalf of the state in this case is sufficient to sustain a conviction for murder. That the giving of a manslaughter instruction under the circumstances as disclosed by this record was not error is supported by the following authorities: Weatherholt v. State, 9 Okla. Cr. 161, 131 Pac. 185; Steward v. State, 9 Okla. Cr. 327, 131 Pac. 725; Irby v. State, 18 Okla. Cr. 671, 197 Pac. 526; Harper v. State, 20 Okla. Cr. 43, 200 Pac. 879, 882; Smith v. State, 20 Okla. Cr. 301, 202 Pac. 519, 520; Wilmoth v. State, 20 Okla. Cr. 453, 203 Pac. 1055, 21 A. L. R. 590.

Second, it is assigned that the court erred in permitting the state to impeach the defendant on immaterial matters for which no predicate had been laid, and over the objection and exception of the defendant.

An examination of the record in connection with the second assignment of error discloses that the attempt to impeach the defendant here complained of failed, in that the

impeaching witness was unable to fasten the alleged impeaching statement as being directed by the defendant against the deceased.

The matter to which the defendant's attention was directed in the foundation for his impeachment was competent for that purpose; but inasmuch as the attempt to impeach the defendant failed of accomplishment, and in view of the fact that counsel for the defendant did not consider it off enough import to move that what little evidence was permitted to go to the jury be stricken and withdrawn from the jury's consideration, we fail to see wherein defendant was in the least prejudiced by reason of the matters and things urged under this assignment, in view of the mandatory provisions of section 2822, Compiled Statutes 1921, that no judgment must be set aside by this court because of the improper admission of evidence unless the same, in the opinion of the court, probably resulted in a miscarriage of justice or deprived defendant of some constitutional or statutory right to his prejudice.

Upon a consideration of the entire record, it is the opinion of the court that the judgment should be affirmed. It is so ordered.

DOYLE, J., concurs.

BESSEY, J., absent, not participating.