# HAYES KEESEE v. STATE.

No. A-7136.   Opinion Filed March 18, 1930.
(287 Pac. 813.)

W. A. Bishop, for plaintiff in error.

Edwin Dabney, Atty. Gen., and J. H. Lawson, Asst. Atty. Gen., for the State.

CHAPPELL, J.   The plaintiff in error, hereinafter called defendant, was convicted in the district court of Seminole county of the crime of manslaughter in the first degree, and his punishment fixed by the court at imprisonment in the state penitentiary for a period of six years.

The evidence of the state shows that deceased was a brother-in-law of defendant, and that they lived in the

country on opposite sides of a quarter section of land; that early in the morning deceased went to the home of defendant looking for a horse and the wife of defendant informed deceased that defendant was in the field near the house; that later the deceased and defendant quarreled and had some difficulty. The wife of deceased and her daughter, who were near at the time of the difficulty, tried to separate defendant and deceased, and the wife of deceased took her husband and started home with him. Deceased had shot himself in the right hand with a shotgun some time prior to the homicide, so that he could not use the hand. Prior to the killing deceased and defendant had thrown rocks at each other and during the time of this rock throwing deceased was going toward his home and defendant was following him; that at this time and while going in the direction of deceased's home defendant struck deceased with a rock. The wife of deceased tried to get defendant to go back, but defendant told her to leave him alone. Thereupon deceased and defendant got together again and defendant knocked the deceased down and killed him. There is no denial that the deceased came to his death by a blow struck by defendant, but defendant claims that the blow was struck in his own rightful self-defense.

The defendant contends, first, that the judgment of conviction was based solely on the perjured testimony of the state's witness Sally Davis, the daughter of the deceased. Defendant had been tried at a previous term of court. It is not clear from the record whether the jury disagreed or whether the court declared a mistrial, but in any event the defendant was not convicted at this first trial. The witness Sally Davis had testified at the prior trial and was a witness for the state in the case at bar. Counsel for defendant cross-examined her as to what her

testimony had been at the previous trial for the purpose of contradicting her and establishing the fact that she was not telling the truth in her evidence in the case at bar. The defendant also called several witnesses to testify as to what the evidence of the witness Sally Davis had been in the previous trial, and finally in the motion for new trial the defendant alleged that the verdict was obtained upon the perjured testimony of the witness Sally Davis, and attached copies of affidavits to the motion, but such copies were not carried into the case-made. This court is therefore unable to ascertain what the witnesses who made the affidavits swore as to the evidence of the witness Sally Davis in the former trial. The court by proper instructions submitted the question of the credibility of the witnesses, and the weight to be given their testimony, to the jury, who found the issue thereon in favor of the state. On the motion for a new trial the trial court had not only seen the witnesses and heard their testimony, but had before it the affidavits attached to the motion for new trial, and was in a better position than this court to determine the question of the truthfulness of the evidence given by the witness, Sally Davis.

In the case of Johnson v. State, 22 Okla. Cr. 332, 211 Pac. 425, this court said:

"The jury are the exclusive judges of the credibility of witnesses and the weight to be given their testimony, and a verdict of conviction will not be reviewed on appeal on arguments directed to the credibility of witnesses or the weight to be given their testimony."

This court has always held that, where there is competent evidence in the record sufficient to support the verdict of the jury, even though the evidence be contradictory, this court will not reverse a case on the ground

408

of the insufficiency of the evidence. The credibility of the witnesses and the weight to be given their testimony is entirely for the jury. Wilson v. State, 32 Okla. Cr. 139, 240 Pac. 155; Shields v. State, 32 Okla. Cr. 344, 240 Pac. 661; Choate v. State, 37 Okla. Cr. 314, 258 Pac. 360; Mayse v. State, 38 Okla. Cr. 144, 259 Pac. 277.

Defendant next contends that the court erred in making certain statements and asking certain questions which clearly indicated his attitude as to the credibility of the witness for the state, Sally Davis, whose testimony was claimed to be perjured. A plat of the premises where the homicide occurred had been introduced by the state and used both by the defendant and the state in the examination of witnesses. This plat had not been prepared by the witness Sally Davis. Defendant's counsel were cross-examining her upon directions, distances, and locations of objects as shown by the plat. The witness' answers indicated that she was confused and did not understand the plat. Defendant's counsel asked the witness:

"Q. Look at the map and see, Sally; refresh your memory; don't you know that your uncle Hays lived on the east and this is east right here?

"Mr. Billingsley: We object, incompetent, irrelevant and immaterial.

"The Court: Sustained. She said he lived eastward of where they lived. She don't know which way is north or south on that map.

"Mr. Bishop:

"Q. Which way do you live from Hays Keesee? A. West.

"Q. To refresh your memory I will ask you where that water is, north of the road or south of the road? A. What?

"Q. Is this spring of water south of the road or north of it? A. It is east of our house and southeast of the road.

"Q. Now will you indicate here and tell the jury, Sally, where it is?

"The Court: It is evident to the court's mind that she is·mixed up on 'that map and if she don't understand it, it wouldn't be fair to ask her to do that on the map.

"Mr. Bishop:

"Q. You say that when the defendant, Hays Keesee, got down here near the creek that he turned off near this well of water? A. Yes, sir.

"Q. Can you tell the jury about how far that well of water is from the path? A. No, sir.

"Q. About how many feet? A. I—.

"The Court: Can you point out something? A. (Crying.)

"The Court: Don't cry nobody is going to hurt you. Can you point out to the jury a object that is about as far off as the well is from the path?

"By Mr. Bishop:

"Q. Have you talked to Mr. Patterson about this case? A. No, sir.

"Q. Haven't talked to anybody about it before? A. No, sir.

"The Court: Did you tell the jury the same story about this this time as you did before? A. Yes, sir."

No exceptions were saved to any of these questions or comments by the court, and no objection made to them at the time the case was being tried. It appears from the record that the witness was confused and probably scared, and the court was merely trying to reassure the witness

and get the truth before the jury. There does not appear to be anything prejudicial in the questions or remarks of the court, nor is there anything to indicate what the opinion of the court might be as to the truthfulness of the testimony. Improper conduct will not be presumed on the part of the trial judge, and a case will not be reversed on that ground, unless such misconduct is affirmatively made to appear from the record. It is not every improper remark of a trial court that will justify a reversal of a criminal case. If the remarks are such as might reasonably influence the jury against a defendant, a new trial should be granted; but, if after a full consideration of the entire record, it is clear that the verdict is right, and that, even if the remarks had not been made, the jury could not reasonably have returned a different verdict, the judgment will be affirmed. Calloway v. State, 38 Okla. Cr. 418, 262 Pac. 696.

Finally it is contended that the verdict is contrary to the evidence and against the weight thereof and insufficient to sustain the judgment of conviction as rendered thereon. The defendant claims that, since the witness Sally Davis contradicted herself and was impeached by the testimony of other witnesses as to her testimony in the former trial, there is not sufficient evidence left in the record to support the verdict of the jury. The question of whether the witness Sally Davis should be believed was one for the jury and not for this court. The jury had a right to believe her, notwithstanding the fact that her evidence given in the trial of the case at bar might have been different to that given in the former trial, as they are the exclusive judges of the credibility of the witnesses and the weight to be given their testimony. There is, however, other competent evidence in the record sufficient to support the verdict of the jury. The mother of Sally Davis

testified to practically the same state of facts as did Sally, and other witnesses called by the state not only corroborated Sally Davis in the principal parts of her testimony, but furnished sufficient evidence to support the verdict of the jury, even if that had disregarded the evidence of Sally Davis.

A careful examination of the information, the evidence, and the instructions of the court discloses no error of sufficient importance to require a reversal of the case. For the reasons stated the cause is affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.