## PAUL WALTERS v. STATE.

No. A-8646.   April 20, 1934.
Rehearing Denied May 11, 1934.
(32 Pac. [2d] 335.)

C. A. Summers, A. F. Moss, and Tom Payne, for plaintiff in error.

J. Berry King, Atty. Gen., Smith C. Matson, Asst. Atty. Gen., and Phil K. Oldham, Co. Atty., for the State.

CHAPPELL, J.   This is an appeal from the district court of Muskogee county, wherein the plaintiff in error, hereinafter referred to as defendant, was convicted of the

crime of manslaughter in the first degree in the killing of Ike Vance, and his punishment fixed by the jury at imprisonment in the state penitentiary for a period of seven years.

Defendant was charged jointly with Willie Rainey with having on the 14th day of December, 1932, shot and killed Vance.

The evidence of the state was that deceased, who was a widower, about 60 years of age, residing in the town of Boynton, in Muskogee county, had been keeping company with Willie Rainey; that defendant a short time before the killing also began to go with the Rainey woman; that deceased while going from his home one evening after dark, passed a parked car and casting his flashlight into the car discovered defendant and the Rainey woman in a compromising position; that the next day he told the Rainey girl's father what he had seen; that the father ordered her to cease her relations with defendant or leave home; that she told defendant about this; that thereupon defendant redeemed a pistol he had pawned, bought some shells for it, and on the next night waited with the Rainey woman for deceased to pass the car; that the Rainey woman was the only person who knew the route deceased usually traveled from his work to his home; that as deceased walked toward his home, defendant's car was turned around and driven down the road toward the south, and as defendant approached deceased he said, "There goes the S. B. now" and fired a shot from the car which went through deceased's left arm and into his body; that a physician was immediately called and deceased said defendant had shot him; that later on in the hospital a dying statement was prepared by the county attorney; that this statement was read over to deceased and assented to by

him, but being too weak to write his name, he could only sign it by mark, and died shortly afterward.

That defendant and the Rainey woman fled from the scene of the homicide and, though not married, traveled and roomed together for several days; that several days later they were married; that the Rainey woman signed a statement telling when, where, and how the shooting was done by defendant, but later repudiated this statement.

Defendants both testified that deceased approached their car with a pistol in his hand, threatening to kill defendant, and that he shot in self-defense.

All of the physical facts in the case show this claim to be untrue. There was snow on the ground and deceased's tracks showed that he had passed the car and was walking toward home when he was shot. The entrance of the bullet and the course taken also established that deceased was beyond and going away from defendant at the time the shot was fired.

The court granted the motion of Willie Rainey for a new trial and her part of the case is only indirectly involved.

It is first contended the court erred in overruling the motion for an instructed verdict on behalf of the Rainey woman and in submitting her case to the jury with the case against defendant.

Defendant was entitled to a severance and to be tried separately. Having failed to request a severance, he had to take his chances along with his codefendant. His counsel probably thought the state's case against the Rainey woman would be weak, and that if he was tried with her, he would get the benefit of that weakness.

Under the state's evidence defendant was guilty of murder. It is apparent from the whole record that trying defendants jointly did inure to his benefit. Had he been tried separately, the jury probably would have found him guilty of murder.

The burden is always upon appellant not only to assert error, but to support his assignment with authorities and argument showing that error prejudicial to the substantial rights of appellant was committed in the trial court. Lancaster v. State, 2 Okla. Cr. 682, 103 Pac. 1065; Wilson v. State, 3 Okla. Cr. 714, 109 Pac. 289; Overton v. State, 7 Okla. Cr. 204, 114 Pac. 1132, 123 Pac. 175; Morrison v. State, 7 Okla. Cr. 242, 123 Pac. 169; Brown v. State, 9 Okla. Cr. 382, 132 Pac. 359; Redden v. State, 22 Okla. Cr. 179, 210 Pac. 556; Clark v. State, 29 Okla. Cr. 243, 232 Pac. 953.

It was not error, therefore, for the trial court to overrule the Rainey woman's motion for an instructed verdict.

It is next contended the introduction of the purported dying statement of deceased was error, the particular objection being that it was not made in the apprehension of impending death.

The doctor attending deceased testified:

"Q. Did he show any consciousness of impending death? A. Yes, sir. Q. What did he say? A. He told me he was going to die."

Dr. Graves reached deceased a few minutes after he was shot and asked him how it happened, and he said "Paul Walters said 'There goes the S. B.' and shot me." After deceased was taken to the hospital, he made a statement which he signed by mark shortly before he died, in which he told the details of the shooting and that it was done by Paul Walters (this defendant).

This court has repeatedly held declarations and statements made under circumstances of this kind are admissible. Hawkins v. United States, 3 Okla. Cr. 651, 108 Pac. 561; Offitt v. State, 5 Okla. Cr. 48, 113 Pac. 554; Updike v. State, 9 Okla. Cr. 124, 130 Pac. 1107; Sanders v. State, 36 Okla. Cr. 120, 252 Pac. 855.

Under these authorities the dying declaration was admissible.

Under this assignment counsel advance the argument that the court erred in admitting the statement because it was untrue, since the defendant had testified to an opposite state of facts.

The question of who was telling the truth was for the jury. Since the state's evidence and the physical facts support this declaration, the jury very properly believed it.

Finally, it is urged the court erred in permitting the county attorney in his closing argument to the jury to make improper, incompetent. inflammatory, and prejudicial statements in the presence of the jury.

No record was made of these alleged improper remarks. Defendant attempted to raise the question in his motion for a new trial. This was too late. Payne v. State, 21 Okla. Cr. 416, 209 Pac. 334; Newcomb v. State, 23 Okla. Cr. 172, 213 Pac. 900; Quitman v. State, 35 Okla. Cr. 245, 250 Pac. 441.

The question of improper remarks not having been properly raised, it cannot be considered by this court.

No reversible error appearing, the cause is affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.