## ODELL PERRY v. STATE.

No. A-8726. Sept. 28, 1934.
(36 Pac. [2d] 308.)

194

W. Shearer Brown, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

CHAPPELL, J. Plaintiff in error, hereinafter referred to as defendant, was convicted in the district court of Muskogee county of the crime of robbery with firearms in the robbery of Marion Gaddy and Ruth Farmer, and his punishment fixed by the jury at imprisonment in the state penitentiary for a period of 50 years.

The evidence of the state was that Gaddy was manager and Ruth Farmer bookkeeper for the Puritan Drug Company, which company had five or six drug stores in Muskogee; that the week-end receipts of sales were brought to the company's office above drug store No. 1; that Gaddy and Farmer received the receipts, amounting to about $3,500, and started into the office to prepare the same for deposit in the bank, when defendant appeared, brandishing a pistol, compelled them to put the money in a pillow slip which defendant carried, and, driving them into a back room, disappeared; that as he went down the alley he dropped several packages of the money, stopping to pick them up, hurried to an automobile parked nearby, and fled. Gaddy, Farmer, and Ed Terrell, porter in a barber shop nearby, positively identified defendant as the robber. The defense was an alibi.

Defendant, testifying for himself, admitted he had previously been convicted in Oklahoma of five felonies, the first in 1919, and that he was at the time of the trial only 32 years of age. In addition to testimony tending to establish an alibi, defendant produced certain witnesses who testified that they saw a man pass the building at about the time of the robbery; two of them saying they could not identify defendant, and the third saying that he was not the man who passed.

The state in rebuttal established that the reputation for truth and veracity of most of the alibi witnesses was bad.

The main ground relied upon for a reversal of the judgment is that this evidence is insufficient to sustain the conviction.

There is a direct conflict in the evidence. This court in numerous cases has held that where the evidence is conflicting and there is a basis of fact upon which the jury could conclude that defendant was guilty, it will not substitute its judgment for that of the jury. Ostendorf v. State, 8 Okla. Cr. 362, 128 Pac. 143; Horn v. State, 13 Okla. Cr. 354, 164 Pac. 683; Parks v. State, 18 Okla. Cr. 277, 194 Pac. 281; Birdwell v. State, 22 Okla. Cr. 184, 210 Pac. 558; Pickett v. State, 35 Okla. Cr. 60, 248 Pac. 352, 353; Cain v. State, 37 Okla. Cr. 282, 257 Pac. 1114; Keesee v. State, 46 Okla. Cr. 405, 287 Pac. 813.

The state's evidence is sufficient to support the verdict of the jury.

It is next contended the judgment should be reversed because of prejudicial remarks by the assistant county attorney.

It is sufficient to state that the argument is not incorporated in the record. The case-made does not contain the verbatim remarks made by any of counsel. The record discloses that during the argument of the assistant county attorney, counsel for defendant interposed certain objections, most of which were sustained, but one or two of which were overruled, but in no instance did counsel take an exception to the ruling of the trial court. It is evident counsel was satisfied the court had ruled correctly, and therefore reserved no question for review as to improper argument. Counsel, having waived the question by failure to except in the lower court, is in no position to urge such a ground in this court. This court has held that counsel must not only object to the argument but must save an exception thereto. Irvine v. State, 10 Okla. Cr. 4, 133 Pac. 259; Ellis v. State, 46 Okla. Cr. 251, 287 Pac. 1067; Walters v. State, 55 Okla. Cr. 454, 32 Pac. (2d) 335.

Other assignments of error are mentioned in the brief of counsel for defendant, but in no instance, in presenting these particular assignments, does counsel cite any authorities which hold that the trial court might have erred in any such instance.

Under rule 7, p. vii, 44 Okla. Cr., defendant is required to support his contentions both by argument and citation of authorities.

After a careful examination of the record, the court has reached the conclusion that the evidence, although conflicting, is amply sufficient to support the verdict and judgment, and that there is no substantial merit in any of the alleged errors relied upon as ground for reversal.

The cause is therefore affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.