HENRY ESTES v. STATE.

No. A-8730.   Oct. 12, 1934.
(36 Pac. [2d] 952.)

Frank Nesbitt and E. C. Fitzgerald, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

CHAPPELL, J.   Henry Estes was convicted in the district court of Ottawa county of the crime of manslaughter in the first degree on an information charging him with the murder of one Delmar Fugate, alleged to have been committed on the 25th day of May, 1933, and his punishment fixed by the jury at imprisonment in the state penitentiary for a term of five years.

It was the theory of the state that defendant was angered at deceased because he had betrayed defendant's daughter and refused to marry her; that defendant armed himself and went to the home of deceased for the purpose of compelling him to marry the wronged daughter, or killing him; that, on arriving at deceased's home, the daughter went and got deceased and brought him to the car where defendant was waiting for him; that, when defendant demanded to know if deceased intended to marry the girl, and he said he did not, defendant immediately fired the fatal shot.

It was the theory of defendant that deceased not only wronged the daughter, but had threatened the life of defendant; that defendant went to deceased's home on his invitation for the purpose of trying to make a peaceable settlement; that, when deceased approached defendant's car, he was armed and attempting to draw his pistol; and that defendant shot him in self-defense.

The jury heard the testimony for the state and for the defendant, visited the scene of the homicide, considered all of the exhibits introduced in evidence in connection with all of the testimony of the witnesses, and saw fit to believe the state's witnesses and to disregard the self-defense pleas of the defendant, which they had a right to do.

The evidence of the state supports its charge and theory, while the evidence of the defendant and his witnesses supports his theory. Defendant's argument in his brief goes rather to the credibility of the witnesses and the weight of the evidence than to its sufficiency.

There being a sharp conflict in the evidence, this was for the jury. This court never reverses a case for insufficiency of the evidence, where there is competent evidence in the record supporting the judgment of conviction.

Ostendorf v. State, 8 Okla. Cr. 362, 128 Pac. 143; Horn v. State, 13 Okla. Cr. 354, 164 Pac. 683; Johnson v. State, 22 Okla. Cr. 332, 211 Pac. 425; Pickett v. State, 35 Okla. Cr. 60, 248 Pac. 352; Keesee v. State, 46 Okla. Cr. 405, 287 Pac. 813; Wininger v. State, 55 Okla. Cr. 78, 24 Pac. (2d) 664.

It is next contended the trial court erred in instructing the jury on manslaughter in the first degree, the particular contention being that, if the defendant was guilty of anything, it was of murder, and that he was entitled under the evidence to an acquittal or a conviction upon that charge alone.

Section 2740, C. O. S. 1921, provides:

"The jury may find the defendant guilty of any offense, the commission of which is necessarily included in that with which he is charged, or of an attempt to commit the offense."

This question is controlled by repeated decisions of this court, the leading case being that of Irby v. State, 18 Okla. Cr. 671, 197 Pac. 526, wherein the court held:

"In a prosecution for murder, when the court submits the issue, and the jury finds the defendant guilty of manslaughter in the first degree, in a case where the law and the facts make the crime murder, it is an error in the defendant's favor, of which he has no cause to complain."

Other authorities to the same effect are: Cannon v. Territory, 1 Okla. Cr. 600, 99 Pac. 622; Reed v. State, 2 Okla. Cr. 589, 103 Pac. 1042; Atchison v. State, 3 Okla. Cr. 295, 105 Pac. 387; Warren v. State, 6 Okla. Cr. 1, 115 Pac. 812, 34 L. R. A. (N. S.) 1121; Kent v. State, 8 Okla. Cr. 188, 126 Pac. 1040; Steward v. State, 9 Okla. Cr. 327, 131 Pac. 725; Robinson v. State, 15 Okla. Cr. 456, 177 Pac. 925.

This court has also held that, where the evidence touching on motive, aggression, and justifiable acts of self-defense on the part of both parties was conflicting, this justified an instruction on manslaughter in the first degree. Irby v. State, supra; Harper v. State, 20 Okla. Cr. 43, 200 Pac. 879.

The defendant relies principally upon the case of Leseney v. State, 13 Okla. Cr. 247, 163 Pac. 956, where this court held that the giving of such an instruction where the evidence only tended to prove murder was reversible error.

In Irby v. State, supra; Harper v. State, supra; Smith v. State, 20 Okla. Cr. 301, 202 Pac. 519; Inman v. State, 22 Okla. Cr. 161, 210 Pac. 742; Willis v. State, 25 Okla. Cr. 259, 220 Pac. 72; Stanley v. State, 28 Okla. Cr. 135, 229 Pac. 657; and Nowabbi v. State, 36 Okla. Cr. 101, 252 Pac. 442, this court refused to follow the rule laid down in the case of Leseney v. State, supra.

From a full consideration of all the evidence, we are convinced that the jury would have been fully justified in convicting defendant of murder. No doubt the jury took into consideration the betrayal of defendant's daughter by deceased and sympathized with him, as most juries do under like circumstances, but could not bring themselves to excuse him entirely from punishment, and therefore found him guilty only of manslaughter in the first degree. However, upon the record our duty is performed by affirmance of the judgment.

Under this assignment, defendant complains of the insufficiency of the instruction on manslaughter in the first degree.

The court in instruction No. 9 merely stated the law as contained in section 1740, C. O. S. 1921. The instruc-

tions as a whole state the law and are as favorable to the defendant as the evidence warranted.

Finally, it is contended the county attorney made certain prejudicial and improper remarks in his argument to the jury.

The record does not contain the argument made by defendant's counsel, and only a portion of the closing argument of the county attorney. Counsel for defendant repeatedly interrupted the county attorney and objected to certain remarks made by him. In most instances the ruling of the trial court was favorable to defendant. In such instances there is no adverse ruling on which he may be heard to complain in this court. In other instances, where the ruling was adverse to the contention of defendant's counsel, no exception was taken to the ruling of the trial court. In such instances he cannot be heard to complain of something in this court that he does not except to in the trial court.

The defendant was in the wrong in carrying a deadly weapon to the scene of the killing. The jury evidently did not believe his story that he was engaged on a mission of peace and at the invitation of deceased. Evidently the jury thought there was sufficient provocation and that the mental state of defendant was such as to reduce the degree of the killing from murder to manslaughter in the first degree.

Finding no reversible error, the cause is affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.