## IRENE BAILEY v. STATE.

No. A-8821.  May 17, 1935.
Rehearing Denied May 31, 1935.
(47 Pac. [2d] 223.)

John V. Roberts, for plaintiff in error.

J. Berry King, Atty. Gen., and J. H. Lawson, Asst. Atty. Gen., for the State.

EDWARDS, J.  Plaintiff in error, hereinafter called defendant, was convicted in the county court of Garfield county of having unlawful possession of intoxicating liquor, and her punishment was fixed at 30 days in jail and a fine of $50.

Defendant contends the evidence is insufficient to support the judgment.

The evidence is that officers, with a search warrant, came to the premises occupied by defendant, two of them going to the front door and two to the rear.  Entry was forced by breaking an outside door, and, while this was being done, defendant fastened the bathroom door and poured a quantity of liquor into the bathtub.  The officers broke into the bathroom and salvaged about three gallons of whisky from the tub.  Defendant argues that the evidence is that she was living in the house with one Ted Thurman, that he brought the whisky to the place, and that she did not have possession of it and did not have any intent to sell.  She admits she attempted to pour it through the bathtub, but did so to protect Thurman, who was not present at the time.  The reasonable force of this evidence is that defendant either had possession alone or jointly with Thurman.  There is ample evidence to support the judgment.

The rule is well settled that a verdict of a jury will not be disturbed where there is any substantial evidence to support it.  Parks v. State, 18 Okla. Cr. 277, 194 Pac.

136

281; Pickett v. State, 35 Okla. Cr. 60, 248 Pac. 352; Underwood v. State, 36 Okla. Cr. 21, 251 Pac. 507.

The case is affirmed.

DAVENPORT, P. J., and DOYLE, J., concur.